## BRAILAS v. SHEPARD S. S. CO.
### No. 116.

Circuit Court of Appeals, Second Circuit.

Dec. 27, 1945.

Jacob Rassner, of New York City, for plaintiff-appellant.

Corydon B. Dunham, of New York City (Xavier N. Sardaro, of New York City, on the brief), for defendant-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

On January, 21, 1944, while the S.S. "Lot Whitcomb" was maneuvering for anchorage at Suez, plaintiff—the ship's chief engineer—entered the engine room

and became involved in an argument with Dolanides, the first assistant engineer, who eventually stabbed him. Plaintiff sued as his employer the Shepard Steamship Company, operator of the vessel, for the resultant injuries, under the Jones Act, 46 U.S. C.A. § 688. From a verdict and judgment for the defendant, plaintiff appeals.

The points on which he urges reversal are the District Court's refusal to charge as requested and its further refusal to submit certain issues to the jury. There were no eyewitnesses of the injury, and the participants relate divergent stories. It appears from the testimony of both parties, however, that during the course of their argument a danger signal or full speed bell came in via the telegraph and that the stabbing occurred after some physical strife, occurring more or less simultaneously with the movements of the throttle made in response to the signal. Plaintiff testified that he pulled Dolanides away and himself seized control of the throttle because of his assistant's failure to answer and was then stabbed. Dolanides, on the other hand, while vague as to the occurrence of the stabbing itself, testified that he was in the act of responding to the signal when plaintiff attacked him.

■ Almost all of the numerous charges requested and refused were variant statements of the plaintiff's contention that the steamship company is liable on a basis of respondeat superior for the acts of Dolanides or because of its own negligence in retaining a dangerous employee. It is well established that a master will not be liable for the negligent acts of his servant unless they are performed in the course of or in furtherance of the master's business; the fact that the injury is done during the continuance of employment is not enough. Davis v. Green, 260 U.S. 349, 43 S.Ct. 123, 67 L.Ed. 299; Bonsalem v. Byron S. S. Co., 2 Cir., 50 F.2d 114; Lykes Bros. S. S. Co. v. Grubaugh, 5 Cir., 128 F.2d 387, modified on rehearing 5 Cir., 130 F.2d 25.

■ Here the evidence produced by both parties, although conflicting on other points, was rightly interpreted by the District Court as showing that the stabbing was the culmination of a personal difference between plaintiff and Dolanides. The cook, plaintiff's own witness, testified that the animosity had existed throughout the voyage and that Dolanides had complained to him on two or three occasions of plaintiff's general conduct. Even assuming, however, as plaintiff contends, that Dolanides stabbed him in an effort to regain possession of his position at the throttle, the defendant company cannot be held responsible for Dolanides' act. An assistant engineer can hardly be said to act in furtherance of his master's business when he assaults the chief engineer as the latter attempts to take control at a time of emergency. The case on its facts is clearly distinguishable from cases relied on by the plaintiff where a superior officer injured a seaman in the act of prodding him to work. Jamison v. Encarnacion, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082; Alpha S. S. Corp. v. Cain, 281 U.S. 642, 50 S.Ct. 443, 74 L. Ed. 1086; Nelson v. American-West African Line, 2 Cir., 86 F.2d 730, certiorari denied American-West African Line v. Nelson, 300 U.S. 665, 57 S.Ct. 509, 81 L.Ed. 873. Hence the court committed no error in refusing to submit this issue to the jury and in refusing plaintiff's requests to charge based upon the contrary theory.

■ The only theory on which plaintiff could possibly recover was that defendant was negligent in keeping Dolanides in his position with knowledge that he was likely to cause trouble. Koehler v. Presque-Isle Transp. Co., 2 Cir., 141 F.2d 490, certiorari denied Presque-Isle Transp. Co. v. Koehler, 322 U.S. 764, 64 S.Ct. 1288, 88 L.Ed. 1591. He attempted to show such negligence by evidence that Dolanides had repeatedly stated to the cook, "Some day I am going to fix him," and that the cook had reported this to the chief mate two weeks before the injury. The question whether in view of the circumstances Dolanides' statement constituted a threat of which defendant should have taken notice was submitted to the jury under appropriate instructions, and the judgment based upon its verdict must be affirmed. Hence we do not reach defendant's exception to the court's ruling that it, not the United States, was plaintiff's employer.

Affirmed.