BRAILAS v. UNITED STATES.

United States District Court
S. D. New York.
June 2, 1948.

964

Jacob Rassner, of New York City, for Libelant.

John F. X. McGohey, of New York City (Corydon B. Dunham, of New York City, of counsel), for the United States.

RIFKIND, District Judge.

The libellant was the chief engineer of the S.S. Lot Whitcomb. On January 21, 1944, while the ship was maneuvering for anchorage at Suez, he entered the engine room where Dolanides, the first assistant engineer, was on watch and at the throttle. The two became involved, first, in an argument and then in a scuffle, in the course of which Dolanides stabbed the libellant with a scraper. For the injuries he then received he filed his libel against the United States as owner of the vessel, alleging two causes of action: the first founded on respondent's negligence under the Jones Act, 46 U.S.C.A. § 688, and the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.; and the second, upon the seaman's right to maintenance and cure.

The argument arose in the following manner. The libellant, upon entering the engine room, sharply reprimanded an oiler for inattention to duty. Dolanides commented that libellant was having unnecessary trouble with the crew and that he should not reprimand the oiler during his (Dolanides') watch as he was satisfied with the oiler's performance. Whereupon libellant seized Dolanides, pulled him away from the throttle and kicked him. It is libellant's version that Dolanides was responding incorrectly to the bell from the bridge and that he took the throttle in the interest of the ship's safety. In any event, Dolanides then reached for the scraper and stabbed the libellant.

■ Respondent objects to the jurisdiction and the venue on the ground that at the time the libel was filed, the libellant was a resident of the Eastern District of New York and the vessel was outside the Southern District. 46 U.S.C.A. § 742. I find both objections without merit. Jurisdiction is conferred by the first sentence of § 742. The second sentence is concerned with venue. Venue may be waived; and failure to object until the day of trial is a waiver. Commercial Trust Co. v. United States Shipping Board Emergency Fleet Corp., 2 Cir., 1931, 48 F.2d 113; Kunglig Jarnvagsstyrelsen v. United States, 2 Cir., 1927, 19 F.2d 761.

Respondent also pleads that the action is barred by the judgment in the action of Brailas v. Shepard S.S. Co., in which the libellant asserted the same claims against the General Agent and in which a jury rendered a verdict against him. Brailas v. Shepard S.S. Co., 2 Cir., 1945, 152 F.2d 849. I shall return to this defense.

[3] On the merits, the claim for indemnity must be dismissed. The reasons which support such a conclusion are fully stated in Brailas v. Shepard S.S. Co., supra [152 F.2d 850], where the court said: "An assistant engineer can hardly be said to act in furtherance of his master's business when he assaults the chief engineer as the latter attempts to take control at a time of emergency." This language would deny recovery to the libellant even if we accept his contention that Dolanides was acting under claim of superior authority derived from the circumstance that he was on watch. Actually I do not find this to be the fact. I interpret the evidence as showing only a private brawl between libellant and Dolanides.

No evidence was offered that defendant was negligent in hiring or retaining Dolanides in his position and that theory of recovery was not advanced upon the trial.

■ And I think the defense that this action is barred by the judgment in the prior action is good. The claim of liability in the earlier action against the general agent was founded on the acts of Dolanides and on the general agent's own negligence in retaining a dangerous employee. The issues were submitted to the jury under a charge that the general agent was the plaintiff's employer. The liability of the United States in the instant case can be founded only on its responsibility for the acts of Dolanides. Under such circumstances, the former judgment exculpating the general agent is a bar to an action against the United States. King v. Stuart Motor Co., D.C.N.D.Ga.1943, 52 F.Supp. 727; Portland Gold Mining Co. v. Stratton's Independence, Ltd., 8 Cir., 1907, 158 F. 63, 16 L.R.A.,N.S., 677; See Bigelow v. Old Dominion Copper Co., 1912, 225 U.S. 111, 127, 128, 32 S.Ct. 641, 56 L.Ed. 1009.

The argument advanced by libellant that the former judgment is not a bar because, had it gone for plaintiff, it would have been set aside under the doctrine of the subsequently decided Caldarola case (Caldarola v. Eckert, 1947, 332 U.S. 155, 67 S. Ct. 1569, 91 L.Ed. 1968) has more ingenuity than merit. Even if the former judgment were clearly erroneous the bar would nevertheless be effective. See Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 591.

 The cause of action for maintenance and cure must likewise be dismissed. At the earlier trial the claim for maintenance and cure was withdrawn with the following statement by plaintiff's counsel: "In view of the developments of the testimony to the effect that Mr. Brailas has been fully compensated for his maintenance and cure * * * in so far as that cause of action is concerned I ask leave to withdraw that cause of action." Upon the present trial it appeared that he was paid maintenance and cure down to March 6, 1945. As already stated the injuries were inflicted on January 21, 1944. On June 1, 1944, he returned to sea and worked with few interruptions to June 1945.

I see no basis, therefore, for any claim for maintenance and cure.

The libel will be dismissed.