## BENJAMIN v. UNITED STATES.

United States District Court
S. D. New York.

April 4, 1949.

Jacob Rassner, New York City, for libelant.

John F. X. McGohey, U. S. Atty., New York City, Howard F. Fanning, Sp. Asst. U. S. Atty., New York City, for respondent.

RYAN, District Judge.

Libelant, a seaman, filed this suit in admiralty on May 22, 1946, against the United States of America, as owner of the vessel S.S. Thomas Donaldson. The suit was brought under the Public Vessels Act, 46 U.S.C.A. §§ 781–790, the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752 and Public Law No. 17, 78th Congress, H.R. 133, 57 Stat. 45.

Libelant seeks to recover under the Jones Act, 46 U.S.C.A. § 688, and to enforce his general maritime rights for the alleged negligence of respondent alleging:

"That on or about the 20th day of March, 1945, after the aforementioned vessel was torpedoed, libelant was caused to suffer severe, painful and permanent injury and illness to his person, by being unduly subject to exposure without any or adequate means having been provided for such an emergency, and the respondent was further at fault in failing to provide any or suffi-

cient medical and other supplies, and the respondent was further at fault in that it had failed to provide any means or precautions for the safety of libelant's health, all of which resulted in the libelant suffering the injuries and illness complained of, and the respondent was otherwise careless, reckless and negligent in the premises." He also seeks to recover for cure and maintenance.

Respondent urges by affidavit, on this motion, as a bar to this claim the judgment entered on verdict of a jury in a suit brought by libelant against American Export Lines, Inc., which was acting under a general agency agreement for the United States of America with respect to the same vessel. The claims there asserted are said to be substantially the same as those asserted in the instant libel. That suit was tried in this court in November, 1948 and resulted in a verdict against libelant on his claim of negligence, and in his favor, in the amount of $10,000, on his claim for maintenance and cure.

Libelant now moves to amend his present libel so as to include additional allegations as to, (a) faults committed by the officers and crew of the Donaldson on March 20, 1945 and at times thereafter, and as to (b) faults alleged to have been committed between August 24, 1944 and March 20, 1945. The proposed amendments are set forth in nine paragraphs and for convenience the court has numbered them consecutively. Paragraphs 1, 2, 4, 5, 6, 8 and 9 fall in classification (a). These amendments do not assert a new claim; they are in amplification of the claim already pleaded and may be properly allowed. Whether or not they are barred by the judgment rendered in the suit against American Export Lines, is a matter to be determined on trial. The remaining proposed amendments, paragraphs 3 and 7, fall within classification (b) and relate entirely to a distinct and new claim from that pleaded in the libel. In so far as they relate to maintenance and cure for causes arising in the period from August 24, 1944 to March 20, 1945, they are not barred by laches. Nolte v. Hudson Nav. Co., 2 Cir.,

297 F. 758; Frame v. City of New York, D.C., 34 F.Supp. 194. Whether these claims also are barred by the former judgment will be determined at the trial. They may now be included in the Second Claim pleaded which is for cure and maintenance. Claims for this period under the Jones Act or for general maritime rights have been barred. Marshall v. International Mercantile Marine Co., 2 Cir., 1930, 39 F. 2d 551, and these amendments may not be set forth in the first claim of the libel.

Settle order on notice.