**WEISS v. UNITED STATES.**
**Civ. A. No. 9782.**

United States District Court
E. D. New York.

Dec. 5, 1949.

Supplemental Opinion Jan. 17, 1950.

Sidney Morse, New York City, for plaintiff.

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y., for defendant, by Nathan Borock, Assistant United States Attorney, Brooklyn, N. Y.

INCH, Chief Judge.

This is an action brought by plaintiff, the sister of a deceased veteran, to recover the proceeds of two certificates of level premium term National Service Life Insurance, each in the amount of $5,000 and issued to the veteran, of which she is the designated beneficiary.

The veteran, Eugene Morse, was inducted into the Armed Forces on April 21, 1942, and was honorably discharged on December 7, 1945. During that period two certificates of National Service Life Insurance were is-

sued to him, the first certificate (No. N. 283-30-83) was issued, effective May 1, 1942, and the second certificate (No. N. 1270-47-45) was issued effective August 1, 1945.

The complaint alleges, and it is not disputed, that the veteran paid no premiums on these certificates after March 31, 1947. The veteran died on August 27, 1948, so that for a year and five months after the payment of the last premium the veteran made no effort to pay any premium on his insurance.

The defendant now moves to dismiss plaintiff's complaint on the ground that it fails to state a claim upon which relief can be granted, in other words, that the said insurance lapsed because of the non-payment of premiums.

There is not presented any dispute as to the facts, and the motion presents a question of law. The complaint alleges four causes of action, two with respect to each certificate. The first and third causes of action are based on the contention that on March 31, 1947, when the veteran made the last premium payment, the certificates carried both an individual reserve and a general reserve, and unearned premiums, and a divisible surplus which was more than sufficient to pay any unpaid premium to a date beyond the date of the veteran's death on August 27, 1948, and that by reason of the Government's failure to pay the veteran the above money after March 31, 1947, and before his death, and by reason of the fact that the Government used these funds between the aforesaid dates, it *waived* the payment of any premium subsequent to March 31, 1947, (the date of the last payment by the veteran), and it was *estopped* to now deny that the insurance was in full force and effect on August 27, 1948, the date of the veteran's death.

Briefly stated, this insurance was issued by the Government, pursuant to the provisions of the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 801 et seq., and the rights and obligations of the parties are governed by the provisions of said Act and the Regulations pursuant thereto. The Act provides that under certain conditions insurance thereunder may

be granted to members of the Armed Forces *upon the payment of premiums.* Inasmuch as there is no dispute that the veteran did not pay any premium after March 31, 1947, and for the period thereafter until August 27, 1948, when he died, and no attempt to make any such payment of premiums is shown, it would seem as a matter of law that the veteran's insurance had been allowed by him to lapse.

It was just this sort of situation that caused widespread warning to soldiers, by veterans organizations and other agencies, not to let their insurance lapse. Various opportunities were given to these men to hold on to this protection in spite of the fact that they had now been honorably discharged from the service. Apparently this veteran ceased to avail himself of this protection and now the effort is being made to collect upon his death because of various theories based on the claim that, regardless of the non-payment of the premiums when due, nevertheless, the insurance should be due to the beneficiary upon the veteran's death.

■ Plaintiff's theory that the Government has *waived* premiums and is *estopped* to deny that insurance was in effect on the date of the veteran's death because it has failed to pay to certificate holders, or apply to the payment of premiums, "reserves", "unearned premiums", a "divisible surplus" or a "dividend", seems to be without merit. There is no basis for such a theory of recovery in the Act; rather its provisions are to the contrary.

The Act created a permanent trust fund in the Treasury to be known as the National Service Life Insurance Fund which was made up of all the premiums paid on account of National Service Life Insurance. The section creating the fund, 38 U.S.C.A. § 805, provides that the fund shall be available for the payment of liabilities under the insurance "including payment of dividends and refunds of unearned premiums." The section goes on to specifically provide that "Payments from this fund shall be made upon and in accordance with awards by the Administrator." The Act also provides, 38 U.S.C.A. § 802(f), that "Provisions for

cash, loan, paid up, and extended values, dividends from gains and savings, refund of unearned premiums, and such other provisions as *may be* found to be reasonable and practicable, *may be* provided for in the policy of insurance or from time to time by regulations promulgated by the Administrator". (Emphasis supplied.)

Likewise, Public Law 118, 79th Congress, July 2, 1945, 38 U.S.C.A. § 802 note, cited in the complaint, which extended the five-year term National Service Life Insurance policies for an additional three years, provided: "That the Administrator of Veterans Affairs is authorized to make such adjustments as he may determine to be proper in reserves and any dividends."

It is not alleged or claimed that the Administrator has made any official determination or declaration of dividends. As stated in United States v. Huie, 5 Cir., 73 F.2d 305, 306, "Until he makes his decision, there are no dividends." Accordingly, the veteran has no interest in the National Service Life Insurance Fund which could be applied to the payment of premiums.

Even if dividends had been declared by the Administrator, plaintiff is met by a regulation issued by the Administrator pursuant to 38 U.S.C.A. § 808, and which was in effect at the time of the veteran's death, specifically providing that "Dividend accumulations shall not be available for the payment of insurance premiums * * *". Sec. 10.3426, 12 Fed.Reg. 2128, 2129, April 1, 1947.

The veteran died August 27, 1948, and a policy relating to level premium term insurance was promulgated by the Administrator on September 15, 1948, pursuant to the Act, 38 U.S.C.A. § 802(o), the terms and conditions of which are made by the aforesaid section 802(o) to govern the rights and liabilities of the parties, and contains the following specific statement: "Unpaid dividends may not be applied to premiums except upon the written request of the insured made while this policy is not lapsed * * *".

This cannot be availed of by this plaintiff in this action as the veteran neither paid his

premiums due, nor made any request prior to the lapse of his insurance and his death.

There is no proof before me on which a "waiver" can be found, nor any ground for finding that the Government is estopped by reason of any misrepresentation of fact, or that the veteran relied to his detriment, that money from the accumulation of dividends, surplus or reserve, would be applied to the payment of premiums.

■ The *second and fourth causes of action* are based on the contention that the veteran sustained injuries during his service which rendered him totally disabled at times, and thereafter only partially disabled, on account of which he received disability payments subsequent to his discharge, and that he died "from a disease or injury traceable to the extra hazard of military service" so that the face amount of the certificates became due and payable to the beneficiary under the provisions of the Act.

The Act does not appear to require payment of benefits where death results from "an extra hazard of military service", as such, under a certificate which is not otherwise in full force and effect on the date of the insured's death. See: 38 U.S.C.A. § 807(a), (b) and (c).

The Act does provide for a waiver of premiums if he has suffered a *total* disability (presumably including total disability from extra hazard of military service) for a period of six consecutive months or more, 38 U.S.C.A. 802(n), but there are no allegations in this complaint that the veteran suffered such a disability or that he applied for or was granted a waiver.

In the absence of such a waiver for total disability for a period of six consecutive months or more, it must be held that the insured was required to pay the premiums as and when they became due.

Accordingly, it seems to me that this voluntary non-payment of premiums by this veteran caused his insurance to lapse, and if this be so, the motion to dismiss the complaint must and should be granted.

However, in order that a veteran's rights may be fully protected, and that I may be satisfied that there has been no recent ruling by the Administrator of Veterans Affairs showing a different application or availability of such portion of the fund to the payment of the unpaid premiums than that which has been already clearly determined by the Government, I shall withhold the dismissing of the complaint for thirty days from the date of the filing of this opinion in order to give both sides an opportunity to submit to me evidence that any such change has, or has not, been made.

### Supplemental Opinion

In my opinion dated December 5, 1949, I indicated that the complaint herein must be dismissed. It must be remembered, as I stated in that opinion, that the policy here was simply one of "Level Premium Term" insurance, and it had lapsed for non-payment of premium. However, in order to protect a veteran's rights and to be assured that there was no recent ruling of the Administrator of Veterans Affairs showing a different application of any fund of "reserves", "unearned premiums", "divisible surplus" or "dividends" than that which had already been clearly determined by the Government, I withheld dismissing the complaint for thirty days to permit the parties to submit any evidence of such change. I further extended the time to January 16th, 1950. Although both sides have submitted additional memoranda, no evidence is presented which requires me to alter my original decision in any way, and the complaint herein is accordingly dismissed.

Settle order.