## BENJAMIN v. UNITED STATES.

United States District Court
S. D. New York.
April 12, 1950.

Jacob Rassner, New York City, for libelant.

Irving H. Saypol, United States Attorney, New York City, Howard F. Fanning, Special Assistant to United States Attorney, New York City, of counsel, for respondent.

GODDARD, District Judge.

The libel contains two counts—the First is for the recovery of damages for personal injuries alleged to have been sustained as a result of respondent's alleged negligence; the Second is for maintenance and cure.

Libelant was chief cook on the Steamship Thomas Donaldson, which was owned by the United States and husbanded by the American Export Lines, Inc., under the usual general agency agreement. She was

490

a public vessel of the United States within the manning of the Public Vessels Act, 46 U.S.C.A. §§ 781–790.

The Donaldson sailed from the port of New York on or about February 16, 1945 for a voyage to Russia with a cargo of war supplies. On March 20, 1945, at about 12:15 P.M., she was hit by a torpedo. At this time she was about 10 miles from Kola Inlet, Russia. About fifteen minutes later her master ordered the crew to abandon ship as he feared another attack. She sank at 4:45 P. M.

When the Donaldson was abandoned, Benjamin left in a lifeboat and soon thereafter boarded a British rescue vessel. At 10:15 that evening he and other members of the crew were transferred to another British ship inside Kola Inlet. They remained aboard this ship for three days; then they were repatriated by way of Scotland and England to New York City, where they arrived on April 28, 1945.

A physical examination on August 1, 1945 disclosed that libelant had tuberculosis. He has been a patient in United States Marine Hospitals continuously since August 3, 1945.

The libel in this suit against the United States pursuant to the provisions of the Emergency & War Shipping Acts, 50 U.S. C.A.Appendix, § 1291, was filed on May 22, 1946. On June 26, 1946 libelant commenced an action under the Jones Act, 46 U.S.C.A. § 688, against American Export Lines, Inc., based on the theory that the agent was the seaman's employer.

The action against American Export Lines was tried in this court before Judge Leibell and a jury on November 18th and 19th, 1948. Mr. Howard F. Fanning, in his capacity as Special Assistant to the United States Attorney, represented the defendant. The jury returned a verdict for the defendant on the count alleging negligence and a verdict for the plaintiff on the count for maintenance and cure. The plaintiff's motion to set aside the verdict on the first count was denied on November 19, 1948. The defendant's motion to set aside the verdict on the second count was granted on July 15, 1949.

Libelant then made a motion to amend his libel in this suit [which up to this time was identical with the pleadings in the civil suit]. The only amendments allowed on the first count were those which the court stated, 85 F.Supp. 948, at page 949, "do not assert a new claim; they are in amplification of the claim already pleaded". Claims based on allegations of negligence before March 20, 1945 were held barred by the Statute of Limitations.

The libelant contends that respondent was negligent in (1) not informing libelant that a physical examination made by a War Shipping Administration doctor on August 24, 1944 showed "minimal fibrosis, right apex" [tubercular scar tissue]; (2) assigning libelant to laborious sea duty; and (3) failing to treat libelant.

The respondent denies that it was negligent and contends that (1) the libelant has failed to comply with the condition precedent to the prosecution of this suit in that he has not filed a proper notice of claim; (2) that there was no causal connection shown between any act or failure to act by the respondent and libelant's illness; (3) the first count in this suit is barred by the jury verdict in the suit against American Export Lines, Inc., under the doctrine of res judicata; and (4) the libelant has no valid claim for maintenance and cure at this time.

On January 16, 1946 libelant filed a claim [1] with the Administrator, War Shipping Administration, as required by 50 U.S.

1. The claim describes the cause of injury or illness as follows:

"Mr. Benjamin claims that he was employed aboard the above mentioned vessel [SS Thomas Donaldson] as Chief Cook, during which time and on or about March 20, 1945, after the vessel was torpedoed the claimant was caused to suffer exposure, illness and injury, and the ship operator was at fault in that it failed to provide the claimant with prompt adequate and proper nursing care and medical treatment and hospitalization, all of which resulted in his becoming totally and permanently disabled."

C.A.Appendix, § 1291(2) as a condition precedent to suit. Libelant relied upon that claim not only as the basis of the earlier action against the general agent but also on the basis of the present action against the United States. This strongly indicates that libelant himself considered the cause of action in the first count of the present suit to be the same as the cause of action in the negligence count of the suit against the general agent.

The pleadings in the suit against the general agent [except for the use of the words "plaintiff" and "defendant" instead of "libelant" and "respondent"] were exactly the same as the original libel in this suit. The amendment did not add a new cause of action, nor did it change the original one. It merely amplified it.

■ The issues in the negligence count were submitted or might have been submitted to the jury in the action against the general agent. Since the United States was bound to indemnify the general agent for any liability that might have resulted from that suit, it was in privity with the general agent. Through its attorney, the United States took full charge of the defense of the earlier action. The cause of action in the first count here is the same as the cause of action in the first count of that suit. The judgment in that action is therefor a bar to any claim of negligence here. Baltimore Steamship Company v. Phillips, 1926, 274 U.S. 316, 319, 321, 47 S.Ct. 600, 71 L.Ed. 1069; Rust Land & Timber Co. v. Wheeler, 8 Cir., 1911, 189 F. 321; Brailas v. United States, D.C.1948, 79 F.Supp. 963.

■ Moreover, there is another reason why relief cannot be granted on the first count here. On the evidence presented I find that the respondent was not negligent. It is clear that libelant had an active case of tuberculosis before March 20, 1945. There was no showing that his condition was caused or aggravated by his service or by any lack of care on the part of the respondent. No causal relation between his employment and/or the alleged lack of care was proved. There was no showing that his condition would have been different had he not gone to sea.

■ Libelant has been a patient in Marine Hospitals since his illness was discovered. As long as maintenance and cure at a marine hospital is available to him, and he is receiving it, he must accept it. The Bouker No. 2, 2 Cir., 1917, 241 F. 831, 835; Mosseller v. United States, D.C.1947, 73 F. Supp. 827, 829. Since there is no present liability for maintenance and cure and since it is impossible to forecast whether libelant may have a future claim for maintenance and cure, the maintenance and cure count is dismissed without prejudice. No decision is now made as to the merits of that claim.

The libel is dismissed but without prejudice as to the count for maintenance and cure.