## WEISS v. UNITED STATES.

Civ. A. No. 12293.

United States District Court
E. D. New York.
March 14, 1952.

Sidney Morse, New York City, for complainant.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., for defendant. Nathan Borock, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

GALSTON, District Judge.

This is a motion for an order granting the defendant summary judgment and dismissing the complaint.

The action brought by the plaintiff is one to recover the proceeds of two certificates of level premium term National Service Life Insurance. The policies were issued to one Eugene Morse while he was serving in the Armed Forces. The plaintiff, his sister, is named as the beneficiary in the policies. Eugene Morse died on August 27, 1948, subsequent to his honorable discharge.

An earlier action for recovery under these two policies of insurance was dismissed on the ground that the policies had lapsed because of the failure of the insured to pay premiums after March 31, 1947, Weiss v. United States, D.C., 92 F.Supp. 322, affirmed 2 Cir., 187 F.2d 610, certiorari denied 342 U.S. 820, 72 S.Ct. 38. One of the theories upon which the plaintiff sought to recover, as appears in the opinions of the Court of Appeals and the District Court, supra, was that the government's failure to declare dividends created an insurance reserve which could have been applied to the policies of insurance for payment of the premiums from March 31, 1947 until the date of the insured's death. This theory was rejected.

In the earlier decisions, supra, it is pointed out that the plaintiff pleaded nonpayment of premiums after March 31, 1947. The plaintiff's new complaint is silent as to payment or non-payment of premiums. Paragraphs 9 and 10 of the new complaint allege:

"9. Upon information and belief, that by mutual mistake of the plaintiff and defendant that the aforesaid policy had lapsed, or by the mistake of the plaintiff and the concealment of the fact by the defendant that the above entitled policy had not lapsed, in remaining silent when it was under a duty to disclose this fact, and/or the misrepresentation of the defendant as will hereinafter be alleged, the plaintiff herein, ignorant of the true facts, did incorrectly bring an action against this defendant on the aforesaid certificate on March 2, 1949.

"10. Upon information and belief, that the aforesaid complaint did not state all the facts. That some time subsequent to the service of the aforesaid complaint the defendant herein disclosed certain material facts as will hereinafter be alleged."

The "fact" alleged in the complaint is the declaration of a dividend by the Administrator of Veterans' Affairs on January 16, 1950. It is difficult to see how this fact was "concealed" or "misrepresented" by the defendant; nor is it possible to say that it resulted in a "mutual mistake". What the plaintiff is actually contending by the allegations in her complaint is that this declaration of dividends supports her theory that the policies in question had not lapsed despite the fact that no premiums were paid subsequent to March 31, 1947.

The defendant sets up as affirmative defenses (1) that the certificates of insurance lapsed and were no longer in force and effect on the date of the insured's death because of the failure to pay premiums thereon after March 31, 1947, and (2) the issues are res judicata. In support of this motion, the defendant contends that in filing the present complaint and instituting this second action, the plaintiff is attempting to revive the same claim already decided against her.

Plaintiff's pending complaint alleges that the declaration of dividends in January, 1950, including dividends upon premiums paid to March, 1947, by Eugene Morse, indicates the existence of a reserve prior to the declaration; that this reserve was "charged toward the payment of liabilities" under the National Service Life Insurance Fund; that the credits due to Eugene Morse out of the premiums he had paid prior to March 31, 1947, were used by the defendant in paying his "distributive and/or contributive share" of the liabilities charged to the Fund; that by reason of such credit being subject to the "risk and/or liability" of the Fund, a "vested" right was created which became fixed upon the veteran's death; and, therefore, that there was a "vested property right" in the veteran to receive the full value of the policies, since the credits to which he was entitled exceeded the amount of the premiums he was required to pay between March 31, 1947 and his death on August 27, 1948. It is also alleged that the attempt to return part of the excess payment of premiums at a subsequent date in the form of dividends could not take away this "vested" right.

Judge Clark's opinion affirming the dismissal of the plaintiff's first complaint, is a sufficient answer to these contentions. In Weiss v. United States, supra, 187 F.2d at page 612, he states: "Her (plaintiff's) contention is that there had been built up in the National Service Life Insurance Fund a reserve on these certificates on the basis of premiums paid in which, not having been declared as dividends, must now be treated as applicable upon these certificates to render them fully paid-up policies for a period beyond the time of the death of the insured. This theory appears to have been developed because of the Administrator's present program of paying certain dividends in cash upon all policies, even those which had lapsed. In view of this there may perhaps be some fireside equity in the concept that instead of cash payments available now the money should have been used to keep the main policies alive so long as possible. Be that as it may, we do not see how that can be made a compulsion upon the government when the regulations under the statute, having the force of law because quite consistent with it, are so obviously based on the contrary principle. * * * Presumably the Administrator could not have undertaken the responsibility of declaring dividends even when he did if his act was to have the effect of reviving innumerable policies already lapsed. Nor is there anything apparent in the legislation requiring the earlier declaration of dividends while the liability of the government was thus inchoate. The cases * * * seem quite clear that payments, including dividends, on veteran policies are to be only as the governing regulations provide and that the United States cannot be held estopped into other or greater payments. * * * We have therefore no doubt but that the plaintiff's contention cannot be supported."

■ The plaintiff fails to point to any statute or regulation enacted or promulgated subsequent to her first action which would support her theory. Subsection (f) of Section 802 of Title 38, U.S.C.A. was amended by Act May 18, 1951, c. 94, 65 Stat. 44, to include the following: "Provided further, That until and unless the Veterans' Administration has received from the insured a request in writing for payment in cash, any dividend accumulations and unpaid dividends shall be applied in payment of premiums becoming due on insurance subsequent to the date the dividend is payable after January 1, 1952."

This amendment, however, does not help the plaintiff as it is applicable by its terms only to premiums becoming due and dividends payable after January, 1952.

■ What is important and necessary for the plaintiff to support her claim, as indicated by the Court of Appeals, is to show some statute, or regulatory basis within the framework of the statute, for the right to look to some insurance reserve to remedy the failure to pay required premiums; how or why a reserve was allowed to accumulate by the government is not material here.

Since the plaintiff has had her day in court to prove her theory, this motion is granted. Settle order.