Adele **WEISS**

v.

**UNITED STATES of America.**

**No. 3, Docket 23138.**

United States Court of Appeals Second Circuit.

Argued Oct. 3, 1955.

Decided Oct. 24, 1955.

Writ of Certiorari Denied Jan. 9, 1956.

See 76 S.Ct. 308.

Sidney Morse, Brooklyn, N. Y., for plaintiff-appellant.

Elliott Kahaner, Asst. U. S. Atty. for the Eastern Dist. of N. Y., Brooklyn, N. Y. (Warren E. Burger, Asst. Atty. Gen., and Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and MEDINA and LUMBARD, Circuit Judges.

**PER CURIAM.**

This is plaintiff's fourth attempt to collect the proceeds of two policies of National Service Life Insurance, wherein she had been named as beneficiary by her brother, a veteran who died in 1948. The policies had lapsed for nonpayment of premiums before the insured died, and in our first decision we tried at some length to explain why plaintiff's involved contention that the policies were kept alive by some supposed reserve built up contrary to government practice and regulations could not be accepted. Weiss v. United States, 2 Cir., 187 F.2d 610, affirming D.C.E.D.N.Y., 92 F.Supp. 322, certiorari denied 342 U.S. 820, 72 S.Ct. 38, 96 L.Ed. 620. A second and a third case brought ostensibly under Fed.Rules Civ.Proc. rule 60(b) upon some variations in this fundamental thesis resulted also in judgments for the defendant. Weiss v. United States, 2 Cir., 199 F.2d 454, affirming D.C.E.D. N.Y., 103 F.Supp. 470, certiorari denied 344 U.S. 934, 73 S.Ct. 504, 97 L.Ed. 718; Weiss v. United States, 2 Cir., 207 F.2d 503, certiorari denied 346 U.S. 924, 74 S.Ct. 311, 98 L.Ed. 418. Once more we have the same attempt, based on some alleged further variation in theory, so slight as to be perceived only with difficulty and in no event at all undermining the final adjudication already so often and so decisively made. We are reluctant to take steps which might seem harsh against a veteran's beneficiary, no matter how weak her claim; but further vexatious litigation to reopen this hopeless case will subject the counsel personally to the costs thereof, as provided in 28 U.S.C. § 1927.

Affirmed.