Joseph L. MATHEWS, Plaintiff,

v.

NEW YORK RACING ASSOCIATION, INC. (Owners),
and
Thoroughbred Racing Protective Association Inc., and/or Thoroughbred Racing Protective Bureau, Defendants.

United States District Court
S. D. New York.

May 1, 1961.

Joseph L. Mathews, plaintiff, pro se.

Hirsh, Newman & Rosenson, New York City, for defendants; Alvin S. Rosenson, New York City, of counsel.

MacMAHON, District Judge.

Defendants move for summary judgment, pursuant to Rule 56(b), Federal Rules on Civil Procedure, 28 U.S.C.A.,

on the ground that a judgment in a prior action in this court is res judicata as to the claim alleged in the complaint.

New York Racing Association Inc. is a New York corporation which operates Jamaica Race Track. It employs defendant Thoroughbred Racing Protective Association Inc., a private detective agency, for security purposes.

Plaintiff brings this action against the Association and Thoroughbred alleging that on April 4, 1958, at Jamaica Race Track, he was "assaulted," "kidnaped," "falsely arrested," and "falsely imprisoned" by employees of Thoroughbred. He further alleges that the defendants charged him with disorderly conduct and maliciously caused him to be prosecuted and convicted in the Magistrate's Court of the City of New York on April 10, 1958. He prays for relief in the form of money damages and an injunction restraining the defendants from interfering with his attendance at race tracks, from publication of libelous statements, and from acting as peace officers.

The prior judgment on which defendants rely was entered in this court on June 30, 1960 following a trial before Judge Palmieri sitting without a jury. The complaint in that action alleged, among other matters, that plaintiff was assaulted by the defendant's private investigators at Jamaica Race Track on April 4, 1958. It also alleged that the employees of the defendants had made libelous statements concerning the plaintiff on several occasions, including plaintiff's trial for disorderly conduct on April 10, 1958. The relief prayed for in that action was also money damages and an injunction from further interference with plaintiff's attendance at race tracks within the United States. The earlier action named three individuals as defendants. The only two properly served were employees of the defendants named in the present suit.

■ The doctrine of res judicata operates as a bar to subsequent suits involving the same parties, or those in privity with them, based on a claim which has once reached a judgment on the merits. Lawlor v. National Screen Service, 1955, 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122. There can be no doubt that the parties in this action are in privity with those in the earlier suit. A corporation acts only through its agents, and if the agents are not at fault, there is no basis for corporate liability. See Benjamin v. United States, D.C.S.D. N.Y.1950, 92 F.Supp. 489. This, of course, is nothing more than the application of familiar principles of the law of agency.

The Association owns the race track, Thoroughbred is its agent, and the individual defendants, who removed plaintiff from Jamaica Race Track on April 4, 1958 and who testified at his trial on April 10, 1958, were employees of Thoroughbred. The present corporate defendants are, therefore, so identified in interest with their agents, the individual defendants in the earlier action, that they stand or fall with them. Mooney v. Central Motor Lines, 6 Cir., 1955, 222 F.2d 572.

The classic situation in which the doctrine of res judicata comes into play is where a second claim between the same parties is based on the same operative facts as the earlier one. The issues tried in the first claim and any other issues which could have been dealt with there are forever barred by the first judgment. Angel v. Bullington, 1947, 330 U.S. 183, 192–193, 67 S.Ct. 657, 91 L.Ed. 832.

■ Thus, the question is whether the claim alleged in this complaint is the same as that in the suit concluded earlier. The term "claim" refers to a group of facts limited to a single occurrence or transaction without particular reference to the resulting legal rights. It is the facts surrounding the occurrence which operate to make up the claim, not the legal theory upon which a plaintiff relies. Clark, Code Pleading 130 (2 Ed. 1947).

The facts upon which plaintiff predicates this action occurred on two days, separated by almost a week, but they are so interrelated as to constitute a single claim. The ejection from the race track

on April 4, 1958 was the subject of the subsequent trial for disorderly conduct on April 10, 1958.

The facts relevant to the incident at Jamaica Race Track on April 4, 1958, along with three other separate claims based on different facts, were tried to a conclusion in the earlier suit. There, the plaintiff relied on the acts of the agents occurring on April 4, 1958 as the basis of a claim against them on the theory of assault. Now, he asserts these same acts as the basis of a claim against the agents' principals on the theory of false arrest. In the earlier action, plaintiff relied on the statements of the agents made on April 10, 1958 as the basis of a claim against them on the theory of libel. Now, he asserts those same statements as the basis of a claim against their principals on the theory of malicious prosecution. Clearly, any liability of the defendants for the acts or statements of their agents must be predicated upon the familiar principle of respondeat superior. Thus, if the agents committed no actionable wrong against the plaintiff, neither did their principals. Benjamin v. United States, supra; Mooney v. Central Motor Lines, supra.

Essentially, therefore, the same facts are the basis for liability in each suit. The testimony of the witnesses who took part in or saw the ejection of the plaintiff on April 4, 1958 is the same under any theory of liability. The evidence that agents of the defendants characterized plaintiff as undesirable is the same in each suit, whether plaintiff claims the words the agents used are actionable under a theory of libel or under a theory of malicious prosecution.

■ The plaintiff cannot be permitted to splinter his claim into a multiplicity of suits and try them piecemeal at his convenience. Baltimore S.S. Co. v. Phillips, 1927, 274 U.S. 316, 322–323, 47 S.Ct. 600, 71 L.Ed. 1069. "The plaintiff having alleged operative facts which state a cause of action because he tells of defendant's misconduct and his own harm has had his day in court. He does not get another day after the first law-suit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights. The problem of his rights against the defendant based upon the alleged wrongful acts is fully before the court whether all the reasons for recovery were stated to the court or not." Williamson v. Columbia Gas & Electric Corp., 3 Cir., 1950, 186 F.2d 464, 470, certiorari denied 1951, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355; Koblitz v. Baltimore & O. R. R., D.C.S.D.N.Y.1958, 164 F.Supp. 367, 370, affirmed 2 Cir., 266 F.2d 320, certiorari denied 1950, 361 U.S. 830, 80 S.Ct. 80, 4 L.Ed.2d 72. See 2 Moore, Federal Practice § 2.06[6] at 378 (2 Ed. 1960); Clark, Code Pleading 144, 472–90 (2 Ed. 1947).

The issues relating to plaintiff's ejection from Jamaica Race Track on April 4, 1958 and his trial on April 10, 1958 were tried and determined by Judge Palmieri, who found that upon the facts and law plaintiff had shown no right to relief. He specifically found that plaintiff had physically resisted removal from the track, and that the defendants' employees had used no more force than was reasonably necessary to effect his removal. Therefore, plaintiff is estopped, both directly and collaterally, from maintaining this action. Lawlor v. National Screen Service, supra.

■ The court is cognizant of the fact that plaintiff appears pro se, but as the law provides a beginning for litigation, it must also provide an end. The doctrine of res judicata is a barrier against needless multiplication of litigation. "Litigation is the means for vindicating rights, but it may also involve unwarranted friction and waste. The doctrine * * * reflects the refusal of law to tolerate needless litigation. Litigation is needless if, by fair process, a controversy has once gone through the courts to conclusion." Angel v. Bullington, supra, 330 U.S. at pages 192–193, 67 S.Ct. at page 662. See Weiss v. United States, 2 Cir., 1955, 227 F.2d 72, certiorari denied 1956, 350 U.S. 936, 76 S.Ct. 308, 100 L.Ed. 817.

Plaintiff had the opportunity to consolidate this action with the earlier one, which he was told arose out of the same claim. The earlier decision in this action sustaining the sufficiency of the complaint showed him the propriety of consolidation. He failed to accept either that suggestion in this action or judicial advice that he retain an attorney in a third action growing out of the same facts. Mathews v. Kilroe, D.C.S.D.N.Y. 1959, 170 F.Supp. 416.

Plaintiff has had his day in court. The doctrine of res judicata must now take effect, putting an end to this litigation. Accordingly, defendants' motion is granted.

So ordered.