**RECORD CLUB OF AMERICA, INC., Plaintiff,**

v.

**CREDIT SERVICES, INC., Defendant.**

No. 87 Civ. 3008 (EW).

United States District Court,
S.D. New York.

Oct. 28, 1987.

Nancy G. Grossman, New York City, for plaintiff.

Feltman, Karesh, Major & Farbman, New York City, Donald F. Schneider, Edward Weissman, Mark Monaco, of counsel, for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

The defendant, Credit Services, Inc., moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56, for sanctions, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, and for an injunction permanently enjoining plaintiff Record Club of America (RCOA) from filing any action against the defendant under a license agreement entered into between the parties as partial settlement of an antitrust action brought by RCOA against the defendant in 1974.

In the license agreement, Credit Services, Inc., an owner and issuer of recordings, gave RCOA, a retailer of recordings, the right to manufacture and distribute for fifteen years all records and tapes owned by Credit Services, Inc. In December 1974, RCOA filed a petition for arrangement under Chapter XI of the Bankruptcy Act in the United States Bankruptcy Court for the Middle District of Pennsylvania; thereafter, on February 16, 1982, RCOA filed suit against Credit Services, Inc. in the Bankruptcy Court, alleging breach of good faith and fraudulent repudiation of the license agreement, fraudulent conveyance, and tortious interference with RCOA's right to assign the rights it received from the license agreement. Credit Services, Inc. moved to dismiss the complaint on the ground that the Bankruptcy Court lacked jurisdiction over the matters stated therein.

Prior to the Bankruptcy Court's ruling on the dismissal motion, plaintiff, on April 18, 1985, filed two additional actions against Credit Services, Inc., alleging identical causes of action to those pending before the Bankruptcy Court. One of these actions was filed in the Supreme Court of the State of New York, while the other was filed in federal court. On September 26, 1985, the state court, without setting forth the grounds upon which it relied, dismissed the action pending before it. Thereafter on October 1, 1985, this Court dismissed the federal action because of the duplicative nature of plaintiff's claim.

On December 20, 1985, almost four years after RCOA filed its complaint, the Bankruptcy Court dismissed it on the ground that the court lacked the power to hear the debtor's action for breach of contract and other similar actions created by state law. On April 22, 1986, this Court ordered the imposition of Rule 11 sanctions of $2,000

on RCOA for bringing the April 18, 1985, duplicative lawsuit. Thereafter, RCOA attempted to have its contract claims brought before an arbitrator; however, on February 18, 1987, a Justice of the Supreme Court of the State of New York, New York County, held that RCOA waived its right to arbitrate the dispute by bringing multiple lawsuits. RCOA now brings the instant action, alleging the same breach of contract claims it previously litigated in the aforementioned actions.[1] Credit Services, Inc. contends that the complaint must be dismissed because the dispute is *res judicata.*

■ Defendant asserts that this Court's previous dismissal was on the merits, pursuant to Rule 41(b), Fed.R.Civ.P. Rule 41(b) provides in relevant part:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

In this instance, the dismissal was a final adjudication upon the merits. The Court did not specify in its order of dismissal whether the dismissal was without prejudice,[2] and the dismissal was not predicated upon one of the exceptions to the final adjudication edict of Rule 41(b).

■ Though Rule 41(b) does not apply to situations in which an action is dismissed because of some initial procedural bar to reaching the merits of plaintiff's claims,[3] that liberal reading has no application in this instance. Plaintiff asserts that the dismissal of the 1985 federal action was premised upon the doctrine of abstention, a jurisdictional bar, or improper venue. The dismissal was in fact based upon the affirmative misconduct of plaintiff in seeking to litigate a single claim against the defendant simultaneously in several fora. Plaintiff's sole support for the statement that the dismissal was due to lack of jurisdiction is the assertion that the jurisdictional exception for Rule 41(b) should be construed broadly;[4] but, vexatious litigation practices, such as those employed by plaintiff, do not amount to an initial jurisdictional bar to the prosecution of the suit. In each instance, the defendant was forced to prepare its defense against the claim raised by the plaintiff.[5] This Court's rendering of a final judgment on the merits is evident from the fact that final judgment was not entered until after the Court was aware that the other two pending actions, in the state and bankruptcy courts, had been dismissed. Plaintiff chose not to appeal any of the decisions or request reconsideration of this Court's order, pursuant to Rule 60(b), Fed.R.Civ.P.

■ Plaintiff's counsel is either so ignorant of the Rules of this Court or so deliberate in her disregard of the Rules that no useful purpose could be served in discussing her most recent conduct, which brings on defendant's motion to dismiss this latest duplicative action. The prior dismissal was *res judicata* under Rule 41(b). Plaintiff's instant action is not only in violation of Rule 11, Fed.R.Civ.P.,[6] but also of 28 U.S.C. § 1927.[7]

The action is dismissed with prejudice. Since the sanctions heretofore imposed seem to have had no effect, additional sanctions are assessed upon plaintiff's attorney, who is the wife of the head of plaintiff corporation, in the sum of $5,000, and plain-

---

1. The identity of the claim is acknowledged by the plaintiff in its memorandum in opposition to the motion for dismissal.

2. *See Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37 (2d Cir.1982).

3. *See Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).

4. *See Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).

5. *See id.* at 287, 81 S.Ct. at 545.

6. *See Oliveri v. Thompson,* 803 F.2d 1265, 1275 (2d Cir.1986) (quoting *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir. 1985)).

7. *See, e.g., Weiss v. United States,* 227 F.2d 72 (2d Cir.1955), *cert. denied,* 350 U.S. 936, 76 S.Ct. 308, 100 L.Ed. 817 (1956).

tiff is enjoined from instituting any further actions based upon the claim asserted in the complaint.[8] The foregoing sanction in the sum of $5,000 is assessed based upon this Court's knowledge of the proceedings and the services required to be rendered. If either party desires a hearing, it is instructed to advise the Court within five days from date and a time for such a hearing will be set, at which plaintiff and defendant may offer evidence on the fee issue.

So ordered.

---

8. *See In re Martin–Trigona*, 737 F.2d 1254, 1263 (2d Cir.1984).