BAIN et al. v. SANDUSKY TRANSP. CO. et al.

(District Court, E. D. Wisconsin. March 29, 1894.)

ADMIRALTY JURISDICTION—TORTS—ARREST OF SEAMEN ON SHORE.

Where seamen have deserted, and are found on shore, their wrongful arrest and imprisonment there by procurement of the master is a tort not maritime in character, and admiralty has no jurisdiction of a libel to recover damages therefor.

Libel by John Bain and others against the Sandusky Transportation Company and another to recover damages for wrongful arrest and imprisonment.

Libel in personam against the Sandusky Transportation Company, as owner of the schooner S. L. Watson, for alleged tortious acts of the master. The master was also named as respondent in the libel, but is not before the court, as he was not served, has not appeared, and no ownership is shown in him. The libelants are four seamen who shipped on board the schooner S. L. Watson, at Sandusky, in September, 1889, for a voyage described in the so-called "shipping articles" as "from Sandusky to Toledo, Buffalo, and other ports, and back to Lake Erie port." They claim that these articles were signed on shipboard, after leaving port, and without reading, while the master states otherwise. The vessel was loading grain at Toledo for Buffalo. Arriving at Buffalo, she took on coal for Milwaukee, and was thence to proceed to Escanaba for iron ore for a Lake Erie port,—designated in the testimony as a "triangular trip." After arrival at Milwaukee, it appears that the libelants were persuaded by members of a union organization to become dissatisfied with the rate of wages fixed in their agreement, and left the vessel without notifying the master of their intention; but they testify that they informed the mate, and he said "All right." Later, the master met them on shore, and urged their return to the vessel, but they refused. The master then, upon advice of counsel, placed the matter before a United States court commissioner; and a complaint was thereupon sworn out by the master against the libelants, charging desertion, under section 4596, Rev. St. U. S. They were arrested, bound over for trial, and, in default of bail, were committed, and held in jail two months, until hearing was had in the district court upon demurrer to the information. The court ruled thereupon (U. S. v. Bain, 40 Fed. 455) that section 4596 was not applicable to navigation on the lakes; therefore, no offense was charged, and demurrer sustained. The men were then released, but navigation had closed, and they were left, without employment, among strangers. The libel asserts that this imprisonment was wrongful and illegal, and claims damage against the owners of the vessel, as for false imprisonment. The elements or measure of damage are stated in the brief of libelants as follows: (1) The wages earned and unpaid; (2) wages at the going rate during the period of detention in jail; (3) necessary expenditures occasioned by the detention; (4) and suggestion that libelants be, permitted to amend their libel to claim punitory damages. There is no showing that the owners advised, authorized, or approved this action by the master, and they expressly deny any such sanction.

O. T. Williams, for libelants.

M. C. Krause and A. A. Krause, for respondents.

SEAMAN, District Judge (after stating the facts). A question of jurisdiction is raised at the threshold of this inquiry; and, if it is determined that the alleged cause of action is not of admiralty cognizance, the further interesting questions argued at the hearing—including that of liability of the owners for torts of the master—will not require consideration. The gravamen of the action is the wrong or tort alleged to have been committed in the imprisonment of the libelants. It is not founded upon any breach of contract, for the libelants had repudiated any contract, and had quit the service. There was no disturbance or interference by the master with contract rights. The fact that the measure of damages may refer to the contract does not change the subject of the action. Jurisdiction over torts, in admiralty, is clearly limited to maritime torts, of which the test is locality; and the tort must be committed on the water, and not on land. The Plymouth, 3 Wall. 20; Leathers v. Blessing, 105 U. S. 626; Ex parte Phenix Ins. Co., 118 U. S. 610, 7 Sup. Ct. 25; Thomas v. Lane, 2 Sumn. 1, Fed. Cas. No. 13,902; The Mary Stewart, 10 Fed. 137; The C. Accame, 20 Fed.

642; Milwaukee v. The Curtis, 37 Fed. 705. The alleged wrongs in this case were commenced and consummated upon land. There does not appear even to have been an altercation on shipboard between the master and the libelants. The only grounds asserted for admiralty jurisdiction are the relationship of master to the vessel and crew, and the fact that the libelants had been seamen on the vessel, and were charged, as such, as deserters. These are elements for establishing a contract relation as maritime, but do not serve to establish a tort as marine, because that depends entirely upon the locality,—whether or not the wrong was committed upon water. The cases cited in behalf of libelants as supporting jurisdiction are all founded upon contract, either express or implied, and not applicable here. Sheppard v. Taylor, 5 Pet. 675, is the leading decision relied upon, and there the seamen had contracted for a legal voyage, were carried on one which was illegal, and thereby subjected to imprisonment in a foreign port. It was held that they were entitled to their wages up to the time of their return to this country, less intermediate earnings. Decisions holding the right of seamen to wages, and expenses back to ports of shipment, where the voyage has been interrupted, or where wrongfully discharged, and to wages when refused admission to the vessel after contracting to ship, are all aside from the question here. There is no pretense that the libelants offered or wished to return to the vessel, and it is undisputed that they refused to do so, both before and after arrest. It must be held, therefore, that a court of admiralty is without jurisdiction in the premises, and that remedy for the injury suffered by the libelants belongs wholly to the courts of common law. The evidence presents a case of great hardship, but, in the view here taken, it is unnecessary, and perhaps improper, to comment upon the merits, or consider any questions of liability.

Counsel for libelants suggests that they are at least entitled to wages up to the time they left the service, deducting advances made to them. If the power rested with the court to permit this libel for tort to be turned into one for enforcement of contract, it could not avail the libelants here, for the reason that they left the vessel before completion of their contract, which unmistakably called for a return to a Lake Erie port. This contract holds for forfeiture of wages in case of abandonment, under the general maritime law, without regard to the statute or its form. The Crusader, 1 Ware, 437, Fed. Cas. No. 3,456; Jameson v. The Regulus, 1 Pet. Adm. 212, Fed. Cas. No. 7,198; Cloutman v. Tunison, 1 Sumn. 373, Fed. Cas. No. 2,907. The libel is dismissed, for want of jurisdiction, and without costs.