ALPHA STEAMSHIP CORPORATION ET AL. v. CAIN.

No. 457. Argued April 29, 30, 1930.—Decided May 26, 1930.

*Mr. Carver W. Wolfe* for petitioners.

*Mr. Vine H. Smith,* with whom *Messrs. Thomas J. Cuff, Milton Pinkus,* and *Dix W. Noel* were on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Respondent was a seaman employed as a fireman on the American steamship Alpha navigating the high seas. The corporation petitioner owned and operated the vessel and the other petitioners were in possession of her. Respondent sued petitioners in the federal court for the Southern District of New York to recover damages for personal injuries caused by an assault upon him by his superior, one Jackson, an assistant engineer in charge of the engine room. The complaint charged and the evidence was sufficient to warrant a finding that Jackson was authorized by defendants to direct plaintiff about his

work and that, for the purpose of reprimanding him for tardiness and compelling him to work, Jackson struck plaintiff with a wrench and seriously injured him. That was the basis of fact upon which the jury under the charge of the court was authorized to find for plaintiff. The jury returned a verdict in favor of plaintiff for $12,000 and the judgment thereon was affirmed in the Circuit Court of Appeals.

That court expressed the opinion, 35 F. (2d) 717, 721, that § 33 of the Merchant Marine Act, 46 U. S. C., § 688, and the Federal Employers' Liability Act, 45 U. S. C., §§ 51-59, did not apply and held defendants liable under the general maritime law without regard to these Acts. But in *Jamison* v. *Encarnacion*, decided this day, *ante*, p. 635, we hold that such an assault is negligence within the meaning of § 1 of the Federal Employers' Liability Act which is made available to seamen by § 33 of the Merchant Marine Act. The ruling in that case controls in this. We need not examine the grounds upon which the Circuit Court of Appeals put its decision.

*Judgment affirmed.*