**RITCHIE v. ATLANTIC REFINING CO.**

Civil Action No. 10192.

District Court, D. New Jersey.

Dec. 16, 1947.

Lewis, Wolf & Gourlay and Otto Wolf, all of Philadelphia, Pa., and S. Russling Leap, of Camden, N. J., for defendant, for the motion.

Edward V. Martino, of Camden, N. J., for plaintiff, opposed.

MADDEN, District Judge.

The defendant makes several motions addressed to the complaint filed herein as follows.

First: The defendant moves to dismiss the action on the ground that the court lacks jurisdiction over the subject matter.

Second: The defendant moves to dismiss the complaint upon the ground that it fails to state a claim against the defendant.

Third: The defendant moves to strike from the complaint certain statements because they are immaterial and impertinent.

Fourth: In the event of failure of the preceding motion the defendant moves for a bill of particulars (some 15 in number).

We will, therefore, consider these motions in the order made, orderly procedure requiring this in the disposition of the matter; for if the preceding motion were successful the following may be made unnecessary.

We will first consider the motion to dismiss the action on the ground that the court lacks jurisdiction over the subject matter.

This is a suit brought by Lucille I. Ritchie as the General Administratrix of Walter J. Ritchie, alleging that the decedent was in the employ of the defendant as a fireman on the oil tanker, Brunswick, used by the defendant in the transportation of freight by water in interstate and foreign commerce; that while so employed and when the ship in voyage was at a point in the Atlantic Ocean, 97 miles off Cape Hatteras, the nearest point of land, through the negligence of the defendant, the decedent disappeared from the vessel and lost his life.

After alleging these facts the plaintiff pleads (paragraph 9): "Plaintiff, Lucille I. Ritchie, elects to maintain this action under the provisions of the Act of June 5, 1920, C. 250, Section 33, 41 Stat. 1007."

This Act is commonly called the Jones Act and is found at 46 U.S.C.A. § 688.

As the court interprets the argument of defendant on this point, both from his oral presentation and written memorandum, it is directed to the point that the complaint fails to state specifically "that the court has jurisdiction of the subject matter because the action arises under an act of Congress giving the court concurrent jurisdiction with the State courts."

It is true that the complaint fails to specifically allege jurisdiction in the court, as suggested by form 2(b) Appendix of Forms, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, and it would appear to be better pleading to follow this suggestion in the forms, but it does allege, in the court's opinion, facts coupled with the statute which gives the court jurisdiction.

It alleges, as far as jurisdiction is concerned, that the man was in the employ of defendant, on a vessel, engaged in interstate and foreign commerce and that as a result of the defendant's negligence, while he was so employed, the man lost his life and then pleads that the plaintiff elects to maintain this action under the provisions of the Jones Act.

Does this not plead facts upon which the court has jurisdiction without prefacing it with the allegation of jurisdiction as suggested by the forms? And in fact, is not the allegation of jurisdiction a conclusion which must be established by allegations of facts and circumstances in the body of the complaint?

Defendant, in support of his argument, cites Rule 8, Rules of Civil Procedure, supra: "A pleading * * * shall con-

tain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ˙ * * *."

This has been interpreted in Patten v. Dennis by the Ninth Circuit Court of Appeals (134 F.2d 137, 138) as meaning: "The requirements of a complaint *may be stated, in different words, as being a statement of facts showing (1) the jurisdiction of the court* * * *." (Italics ours.)

█ As stated by Moore and Friedman in their volume of Moore's Federal Practice, under the New Federal Rules, page 480:

"To Recapitulate: A case arises under the laws of the United States.

"Where an appropriate statement by the plaintiff, unaided by any anticipation or avoidance of defenses, discloses that it really and substantially involves a dispute. or controversy respecting the validity, construction or effect of an act of Congress. If the plaintiff thus asserts a right which will be sustained by one construction of the law or defeated by another, the case is one arising under that law."

█ As said in Van Camp Sea Food Co. v. Nordyke, 9 Cir., 140 F.2d 902 at page 905: "The sole jurisdictional provision incorporated in the Act (Jones Act) is that 'jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.' This requirement is a modification of that imposed by the Judiciary Act, 1 Stat. 76, 77 relating to other suits of a civil nature at common law, *and when fulfilled confers on a District Court of the United States the requisite authority to hear and determine an action at law for damages by an injured seaman* regardless of his citizenship." (Italics ours.)

█ The court, therefore, feels that the facts actually pleaded in the complaint, coupled with the averment in the complaint that the suit is brought under the Act of June 5, 1920, c. 250, Section 33, 41 Stat. 1007, Jones Act, 46 U.S.C.A. 688, are sufficiently stated to establish jurisdiction in the Court.

Conversely, would the court have jurisdiction if the complaint had at its beginning the allegation of jurisdiction as suggested by the Forms, Form 2(b), but did not allege facts in the body of the pleading to support this averment? Certainly not.

So we come to the second motion, namely, does the complaint state a claim or cause of action against the defendant? As the court understands the argument advanced by defendant in support of this particular motion it is twofold, i e., that the statute requires death to result from a personal injury to the decedent before death and second, that the complaint as drawn does not allege facts that the decedent lost his life as a result of the negligence of defendant.

Briefly stated the complaint alleges that the decedent was in the employ of the defendant upon the vessel in foreign and interstate commerce; that on April 6, 1946 when the vessel was 97 miles from the nearest point of land the decedent disappeared from the said vessel. Complaint then states: "Since plaintiff decedent has not been seen nor heard from since that date, the plaintiff shall prove from the circumstances and conditions surrounding the disappearance of the decedent that he lost his life."

In the next paragraph the complaint alleges: "Plaintiff alleges that the decedent, Walter J. Ritchie, lost his life through the carelessness and negligence of the defendant company in that the said company, through its servants and agents, etc. * * *"

██ Speaking of a motion to dismiss, the Eighth Circuit in Leimer v. State Mutual Life Assurance Co. of Worcester, Mass., 1940, 108 F.2d 302, at page 304, said: "They were seemingly concerned with the question whether the plaintiff had a meritorious claim upon which she was entitled ultimately to prevail, rather than with the sole question presented, *which was whether the amended complaint, construed in the light most favorable to the plaintiff and with all doubts resolved in favor of its sufficiency, stated a claim upon which relief could be granted.*" (Italics ours.)

And further at page 305: "A suit should not ordinarily be disposed of on such a motion [a motion to dismiss the bill for want of equity] unless it clearly appears from

the allegations of the bill that it must ultimately, upon final hearing, be dismissed. To warrant such dismissal, it should appear from the allegations that a cause of action does not exist, rather than that a cause of action has been defectively stated."

And further: "Under the present practice, we think, the making of a motion to dismiss a complaint for failure to state a claim upon which relief can be granted has the effect of admitting the existence and validity of the claim as stated, but challenges the right of the plaintiff to relief thereunder. Such a motion, of course, serves a useful purpose where, for instance, a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted to him, or a claim which the averments of the complaint show conclusively to be barred by limitations."

And the Leimer v. State Mutual case, supra, has been specifically upheld by our Circuit Court of Appeals in Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631, at page 635, the court said: "However the court in the Leimer case went on to admonish that there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. See also De Loach v. Crowley's Inc., 5 Cir., 128 F.2d 378, 380. No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it."

■ So that we must examine the complaint in the instant case in the light of the instructions given in the Leimer case and in the case of Continental Collieries v. Shober. In this light we examine the contention of defendant that the disappearance (and death if proven) of the decedent from defendant's vessel does not constitute a personal injury under the terms of the Jones Act, supra. It seems almost silly to me to argue that death without a previous body blow or accident does not constitute an injury and this feeling is made more firm

by the examination of the case of Dow v. Carnegie-Illinois Steel Corp., D. C., 70 F. Supp. 1016. In that action, based upon the Jones Act for the alleged wrongful death of the chief engineer of a vessel from the illness of meningoccic meningitis contracted on the vessel, the matter went to the jury who returned a verdict on the failure to find any negligence on the part of the defendant. No one, either counsel or court, raised the question that the illness must have its inception in an accidental injury to the decedent but the court specifically instructed the jury that their verdict would depend upon whether decedent's death was caused by negligence of defendant, its agents, servants and employees. So it is held that no body blow or what is commonly termed accidental injury need precede the death of the employee in order to enable plaintiff to pursue her present action.

■ So we take up the second question raised by this part of the motion, namely, that the complaint as drawn does not allege facts that the decedent lost his life as a result of the negligence of defendant. As heretofore pointed out the complaint contains these specific allegations: "While said tanker was approximately ninety-seven miles from Cape Hatteras, the nearest point of land, plaintiff's decedent disappeared from defendant company's vessel."

And further: "Plaintiff alleges that the decedent, Walter J. Ritchie, lost his life through the carelessness and negligence of the defendant company in that said company through its servants and agents, etc. * * *"

Then the complaint sets forth what the pleader alleges as specific acts of negligence.

In the light of the Leimer and Continental decisions, does this allege a cause of action?

In the case of Koehler v. Presque-Isle Transp. Co., 2 Cir., 141 F.2d 490, 491, the court said: "An employer under the Jones Act is liable for 'negligence.' Jamison v. Encarnacion, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082, and Alpha SS. Corp. v. Cain, 281 U. S. 642, 50 S.Ct. 443, 74 L.Ed. 1086, teach us that 'negligence,' as used in that statute, must be given a liberal inter-

pretation. We think that it includes any knowing or careless breach of any obligation which the employer owes to the seamen. Among those obligations is that of seeing to the safety of the crew."

And further: "The obligation of a ship owner to his seamen is substantially greater than that of an ordinary employer to his employees."

In that case the injury complained of and for which recovery was had under the Jones Act was inflicted by a fellow crew member.

And in the case of Harvey v. Fidelity & Casualty Co., 6 Cir., 200 F. 925, 928, the court said: "Death, like any other fact, may be proved by circumstantial evidence alone. * * * Here the known circumstances and conditions surrounding the disappearance of Mr. Harvey establish the fact of his death by drowning even beyond a reasonable doubt. Plaintiff almost immediately applied for and obtained from the probate court letters of administration upon his estate."

And in the case of The San Rafæl, 9 Cir., 141 F. 270, the circuit upheld the action of the district court in an Admiralty action in granting an award to the personal representative of one Hall. There was a collision between The San Rafæl and another vessel and Hall was never heard from thereafter. The proof was very slim and all circumstantial as to whether Hall was even on The San Rafæl. However, the court held that all facts and circumstances surrounding such disappearance control.

It, therefore, appears in the light of the foregoing that a cause of action is pleaded in the complaint and the motion to dismiss is accordingly denied.

■ ■ We come now to the third motion, namely, to strike certain wording from the complaint. Rule 12(f) of the Rules of Civil Procedure provides: "The court may order any redundant, immaterial, impertinent, or scandalous matter stricken from any pleading."

Those portions moved against are, first: "Since plaintiff's decedent has not been seen nor heard from since that date, the plaintiff shall prove from the circumstances and conditions surrounding the disap-

pearance of the decedent that he lost his life."

It is argued that such constitutes an offer of proof and is immaterial. It is the opinion of the court that such portion of the complaint should be phrased as follows: "Plaintiff's decedent has not been seen nor heard from since that date and the plaintiff alleges that from the circumstances and conditions surrounding the disappearance of the decedent that he lost his life."

■ If the complaint is amended in conformity with the above, it will be allowed to stand, otherwise such portion will be stricken.

The second portion sought to be struck is: " * * * in that defendant company through its servants and agents was guilty of these acts of carelessness and negligence and of other acts of carelessness and negligence which resulted in the death of plaintiff's decedent * * *."

It is not felt by the court that such an allegation is designed to lead the defendant into a trap or to mislead, but rather is designed by the pleader to allow his door to remain open for proof of additional acts of negligence not specifically set forth in the complaint and it will be allowed to stand. The third motion will be accordingly denied.

We, therefore, come to the conditional motion that if the first three motions are denied (which has been the ruling as hereinbefore set forth) defendant seeks a more definite statement by propounding some 15 ways for the plaintiff to particularize its complaint.

Without taking up each question in this opinion we will state the general rules concerning bills of particulars as understood by the court and adopting these general rules to the present case, we will rule on each question without further comment.

■ As stated by District Judge Lemley in Louisiana Farmers' Protective Union Inc. v. Great Atlantic & Pacific Tea Co. of America, D. C., 31 F.Supp. 483, at page 489:

"There are certain principles which are applicable generally to the requests above set forth:

"The granting or refusal of a motion for a bill of particulars rests in the sound discretion of the court. * * *

"Matters of evidence are not required to be stated in a bill of particulars. * * *

"A bill of particulars will not ordinarily be granted as to matters that should be more peculiarly within the knowledge of the moving party than that of his adversary. * * *

"The scope of a bill of particulars should ordinarily be limited to such matters as are required to enable the moving party properly to prepare his responsive pleadings and generally to prepare for trial; and particular information needed in preparation for trial should be procured by means of discovery under the rules on interrogatories, depositions, and discovery."

 And as stated by District Judge Forman in Makan Amusement Corp. v. Trenton-New Brunswick Theatre Co., D.C., 3 F.R.D. 429, at page 430, speaking of bills of particulars: "It would be futile to attempt to review the authorities and reconcile their opinions because each case must be decided upon its own facts and circumstances. Study of the cases on this subject, including the briefs submitted on this motion, leads to the conclusion that certain settled principles of law have been applied in each case which compel determinations with regard to those particular pleadings and what appear to be conflicting cases are not conflicting in point of law but in point of fact. Particulars, when obtained by means of such motions, supplement the pleadings, and only those items which are properly a part of the pleadings should be allowed. Rule 8(e), 28 U.S.C.A. following section 723c, is intended to simplify pleadings and calls for 'a short and plain statement' of the grounds, claim and demand for relief. However, it is always the duty of the pleader to sufficiently inform the adverse party of the charge against him in such a manner as to enable him to prepare a responsive pleading. The failure to so plead or the pleading of any uncertain or ambiguous matter which would confuse the adverse party as to the claim propounded, making it unjust or difficult for him to answer, gives rise to relief by way of a motion under Rule 12(e) supra. But the particulars sought under this rule must be limited to information necessary to enable the moving party to make responsive pleadings. The Federal Rules of Civil Procedure provide various means of securing other information, such as facts needed for trial, by way of interrogatories or discovery."

And in Wisconsin Alumni Research Foundation v. Vitamin Technologists, Inc., D.C., 1 F.R.D. 8, at page 9, it was said: "Information as to evidentiary matters which is obtainable on interrogatories, depositions and discovery under the Federal Rules of Procedure may not be obtained by a bill of particulars under Rule 12(e). Rule 12(e) should be applied in a manner to not unduly expand the pleadings, discovery being the proper method for obtaining information that falls outside the category of ultimate facts."

And also in Smith v. Buckeye Incubator Co., D.C., 2 F.R.D. 134, at page 137, it was said: "A bill of particulars becomes part of the pleading which it supplements. Rule 12(e). To add to the complaint all of the matters requested by defendant would, as plaintiffs claim, be directly contrary to the requirements of Rule 8, subsections (a) and (e), which specify that the complaint shall be short and the allegations simple, concise and direct."

Coupling these general principles with two important factors that are in existence in the present case, first, that the decedent was a seaman, in the employ of the defendant, on a vessel at sea when he disappeared, and as it has been stated in the Koehler v. Presque-Isle case, supra: "The obligation of a ship owner to his seamen is substantially greater than that of an ordinary employer to his employees", and, second, that under all the facts and circumstances the particulars requested more than likely, are within the peculiar knowledge of defendant, the court makes the following ruling on each of the requested particulars: Number 1 Denied; Number 2 Denied; Number 3 Denied; Number 4 Denied; Number 5 Allowed; Number 6 Denied; Number 7 Denied; Number 8 Allowed; Number 9 Allowed; Number 10 Denied; Number 11 Denied; Number 12 Denied; Number 13

Denied; Number 14 Denied; Number 15 Denied.

Prepare an order in accordance with this opinion.