260

Code requires in this instance, for diversity of citizenship jurisdiction, that the parties be citizens of different states. 28 U.S.C.A. § 1332. Plaintiff in this action is a citizen of New Jersey and defendant is a corporation incorporated apparently only in New Jersey. It is settled law that for purposes of the jurisdiction of a federal court a corporation is a citizen only of the state in which it is incorporated, and it does not become a citizen of another state by transac-acting business or by agreeing to be sued therein. Mississippi Pub. Corp. v. Murphree, 1946, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185; Seaboard Rice Milling Co. v. Chicago, R. I. & P. R. Co., 1926, 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633; Macon Grocery Co. v. Atlantic Coast Line, 1910, 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300; In re Keasbey v. Mattison Co., 1895, 160 U.S. 221, 16 S.Ct. 273, 40 L.Ed. 402; Haight & Freese Co. v. Weiss, 1 Cir., 1907, 156 F. 328, certiorari denied, 1907, 207 U.S. 594, 28 S.Ct. 260, 52 L.Ed. 356.

Citizenship is not to be confused with residency for venue purposes. One goes to the very jurisdiction of the court over the subject matter of the action, the other to the matter of the selection of the proper district court in which jurisdiction over the parties to the suit can be obtained. The latter can be waived; the former cannot. It follows, therefore, that since both plaintiff and defendant are citizens of the same state this Court lacks jurisdiction over the subject matter of the action.

Plaintiff seemingly relies on Sec. 1391 of Title 28 U.S.C.A. which provides that for venue purposes, a corporation may be sued in any judicial district in which it is doing business, and defendant in this action does maintain offices in New York City and is probably doing business here. However, this section only refers to the "residence of such corporation for venue purposes", and unless there is diversity of citizenship for jurisdictional purposes, Sec. 1391 relating to venue has no application.

Therefore, there being no jurisdictional basis for bringing the action in this Court, the motion of the defendant is granted and the complaint dismissed.

United States District Court
E. D. Pennsylvania.
Dec. 30, 1949.

Strong, Sullivan, Saylor & Ferguson, Philadelphia, Pa., John F. Ryan, New York City, attorneys for plaintiffs.

Edmonds, Obermayer & Rebmann, Philadelphia, Pa., Otterbourg, Steindler, Houston & Rosen, New York City, attorneys for defendant.

KIRKPATRICK, Chief Judge.

 1. The defendant's motion directed to the jurisdiction of this Court to entertain this suit calls for an examination of the nature of the cause of action stated. If the cause of action partakes of the nature of a claim for additional costs (solicitor and client costs) or a proceeding to assess an additional penalty of some kind against the defendant, there might be ground for the defendant's contention that the action could be prosecuted only before the Court of Appeals which adjudicated the fraud and righted the wrong, to the extent at least of restoring the plaintiffs' rights in the patent. That however, I do not think, is what this action is. On the contrary I am of the opinion that it sounds in tort (although, fortunately, of a kind seldom encountered) and is analogous to that class of actions in which the injured party sues to recover, not as costs but as damages, money which he has been compelled to spend in order to protect or restore rights which the defendant has interfered with as, for example, by maliciously inducing a third party to break a contract with the plaintiff.

 2. As to the motion to dismiss the complaint for failure to state a claim upon which relief can be granted, I am of the opinion that, under the complaint, a state of facts could be shown which, if established by competent evidence, could form a basis for a jury's finding that Kaufman actually exercised corrupt influence upon Judge Davis and thereby obtained the judgment of the Circuit Court of Appeals in favor of American Safety Table Company. In other words, I think that the element of causation, in the narrow sense in which the defendant's argument views it, has been sufficiently pleaded. Viewing the element of causation in the broader sense, however, I am of the opinion that it is not a necessary prerequisite to recovery in this case that the plaintiffs show that Kaufman actually succeeded in exerting an improper influence upon Judge Davis and so procured the judgment. I agree with the argument of the plaintiffs that under the facts as pleaded, if the same

be established by competent evidence, from the moment that American Safety Table ceased "to depend upon the justice of (its) case" and sought "discriminatory and favored treatment" the judgment, no matter how obtained and no matter whether correct or incorrect so far as concerned the merits of the case, became an instrument of wrongdoing in its hands and that the defendant would be liable for loss resulting to others, including these plaintiffs, from its use of it.

The motion is denied.

**In re EFFENSON.**

**No. 70543.**

United States District Court
D. Massachusetts.

Feb. 2, 1950.

