KAMARA et al. v. S. LIVANOS & CO., Inc., et al.

THE KATHERINE.

THE ATLANTIC EMPEROR.

United States District Court
S. D. New York.
May 10, 1951.

436

David M. Freedman, New York City (Morewitz & Morewitz, Newport News, Va., of counsel), for libelants.

Frederick H. Cunningham, New York City, Victor S. Cichanowicz, Brooklyn, N. Y., of counsel, for respondents.

IRVING R. KAUFMAN, District Judge.

The libel in this action was filed on December 22, 1950, and contains thirteen causes of action which have been succinctly summarized by proctor for respondents as follows:

### First Cause of Action

A claim by all of the libelants for damages representing earned wages, severance pay, vacation pay and transportation to the port of engagement.

### Second Cause of Action

A claim by the libelant Kamara to recover damages and maintenance and cure as a result of injuries allegedly sustained aboard the S.S. Katherine.

### Third Cause of Action

A claim by all of the libelants for damages on the ground that their personal effects were wrongfully withheld from them and for failing to discharge them because of bad food aboard the vessel. In addition, all of the libelants except Kamara and Sylva seek damages on the ground that a certificate of discharge and their seaman's papers were not given to them.

### Fourth Cause of Action

A claim by all of the libelants to recover earned wages which were allegedly not paid to them and penalties for unlawful withholding of these wages.

### Fifth Cause of Action

A claim by all of the libelants for damages for conspiracy to imprison them and for falsely imprisoning them aboard the S.S. Katherine.

### Sixth Cause of Action

A claim by the libelants Chitakis and Veloudos for damages because of a conspiracy to rearrest, kidnap and transport them after release on habeas corpus proceedings in the Corporation Court of the City of Newport News, Virginia, from Newport News to Ellis Island, New York, and for rearresting, kidnaping and transporting them from Newport News to Ellis Island.

### Seventh Cause of Action

A claim for damages by the libelant Theodoratos for conspiracy to forcibly remove him from a hospital in Newport News, Virginia, and for kidnaping, falsely arresting and imprisoning him and transporting him to Ellis Island.

### Eighth Cause of Action

A claim for damages by the libelant Theodoratos because of failure and refusal to provide him with proper medical attention and maintenance and cure.

### Ninth Cause of Action

A claim by the libelants Chitakis, Veloudos and Theodoratos for damages based on an alleged conspiracy to remove them from Ellis Island to Philadelphia in order to place them aboard the S.S. Atlantic Emperor for return to Greece and for actually removing them to Philadelphia for this purpose.

### Tenth Cause of Action

A claim by the libelants Chitakis, Veloudos and Theodoratos to recover damages on the ground that after the granting of a writ of habeas corpus in Philadelphia, the libelants were falsely arrested and returned to Ellis Island.

### Eleventh Cause of Action

A claim by all of the libelants to recover damages on the ground that all the respondents conspired to remove and did remove the S.S. Atlantic Emperor from the jurisdiction of the Circuit Court of the City of Newport News in violation of a process under which the said vessel was attached.

### Twelfth Cause of Action

A claim by all of the libelants against all of the respondents for blacklisting them as

a result of which each claims that he will have difficulty in obtaining employment on other vessels and in coming ashore in the United States.

### Thirteenth Cause of Action

A claim by all of the libelants against all of the respondents for directing and instigating the removal of the S.S. Atlantic Empress from the jurisdiction of the Circuit Court of the City of Newport News, Virginia, and the United States District Court for the Eastern District of Virginia.

■ All of the respondents except S. Livanos & Co. except to the First to Fourth and Eighth causes of action on the ground that these causes of action do not state facts sufficient to constitute a cause of action against them. The libelants do not name all of the respondents in these causes of action. Each cause of action will apply only against those respondents specifically named in each. It may be that S. Livanos & Co., Inc. is the only respondent that could be liable on these causes of action, but there is an insufficient showing at this time that this is so and the question should await decision by the trial court who will hear the evidence and ascertain the facts.

■ All of the respondents except to various causes of action which are based on a claim of conspiracy to kidnap, arrest and imprison the libelants Chitakis, Veloudos and Theodoratos and of actually committing such acts, on the ground that these acts occurred on land and therefore are not within the admiralty jurisdiction of this Court. In support of their position respondents cite Bain v. Sandusky Transportation Co., D.C.E.D.Wis.1894, 60 F. 912. In that case the Court held that admiralty did not have jurisdiction over an alleged tort of imprisonment committed on land. However, the Court said: "The gravamen of the action is the wrong or tort alleged to have been committed in the imprisonment of the libelants. It is not founded upon any breach of contract, for the libelants had repudiated any contract, and had quit the service. There was no

disturbance or interference by the master with contract rights. * * * *The alleged wrongs in this case were commenced and consummated upon land. * * **" 60 F. at pages 913–914. (Emphasis added.)

In this case it appears that the alleged kidnapping and false imprisonment commenced aboard the S.S. Katherine, continued at Newport News, Virginia, and then shifted to Ellis Island, New York, then to Philadelphia where they were allegedly imprisoned aboard the S.S. Atlantic Emperor, and finally back at Ellis Island. Therefore a substantial part of the tort was allegedly consummated on water which gives admiralty jurisdiction, especially where the other causes of action are for clearly maritime torts. The Edit H., 4 Cir., 1941, 119 F.2d 4; Heros v. Cockinos, 4 Cir., 1949, 177 F.2d 570. See 1 Benedict on Admiralty, p. 365; Papagianakis v. The S.S. Samos, 4 Cir., 1950, 186 F.2d 257. It should be noted that Sec. 740 of Title 46, United States Code Annotated, now specifically provides that admiralty jurisdiction extends to damage or injury attributable to a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land. This appears to be a recognition by Congress of extensions of the admiralty jurisdiction. See Note, 64 Harvard Law Review 996 (1951). There appears, therefore, to be little merit to respondents' exceptions addressed to the locality of some of the alleged torts in this action.

■ Respondents further except to the Eleventh and Thirteenth causes of action which seek damages based on an alleged violation of a process of a court, and to the Twelfth cause of action which deals with the alleged blacklisting of the libelants, claiming that these matters are not within the admiralty jurisdiction of the Court. Respondents do not explain further their exceptions. The alleged violations of process are that libelants allegedly attached the "Atlantic Emperor" in Newport News, Virginia, on February 25, 1950 and the "Atlantic Empress" in Newport News on July 24, 1950, and that respondents, or some of them, did knowing-

438

ly, wilfully and unlawfully remove the attached vessels out of the jurisdiction of the Virginia court to the damage of the libelants. I believe that this states a valid cause of action, i. e., the intentional doing of wrongful acts which, aside from allegedly being a violation of court process, do injury to an individual or individuals. See Restatement, Torts, Sec. 870; cf. Singer Sewing Mach. Co. v. American Safety Table Co., D.C.E.D.Pa. 1949, 88 F.Supp. 260; New York Civil Practice Act, § 969(3).

As to the alleged blacklisting, it is said that the term implies "an intent to injure by preventing future employment", 11 Corpus Juris Secundum page 354, and is a valid cause of action whether viewed as an intentional tort or an interference with contract rights. See Restatement, Torts, Section 766.

Since the above sets of exceptions deal with the seamen's employment and with admiralty process, there can be no doubt they are properly before the admiralty court. However since the entire thirteen causes of action deal with one continuous set of events transpiring between December, 1949 and July 1950, it is proper that the entire action should be presented to the trial court without being limited or emasculated.

Respondents' exceptions are accordingly overruled in their entirety.