KAMARA et al. v. THE ATLANTIC EMPEROR.

The KATHERINE.

No. 449 of 1950.

United States District Court, E. D. Pennsylvania.

May 24, 1951.

ent and claimant of The ATLANTIC EMPEROR.

Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., for respondent, Karl I. Zimmerman.

CLARY, District Judge.

The libel of Allie Kamara, Michael Chitakis, Albert Sylva, Antonios Veloudos, Nicholas Kanelis, and George Theodoratos in rem and in personam against the above named respondents alleges thirteen separate causes of action which are set out in eighty-four numbered paragraphs. Of the numerous respondents named only the Steam Tanker "ATLANTIC EMPEROR", George A. Gafos, Master, Atlantic Oil Carriers, Limited, owner of the Steam Tanker "ATLANTIC EMPEROR", and Karl I. Zimmerman have been served with process; the vessel by attachment, Gafos by personal service, Atlantic Oil Carriers, Limited, whose proctors accepted service, and Karl I. Zimmerman by personal service. The exceptive allegations of Karl I. Zimmerman to the libel with motion to dismiss and peremptory exceptions to the libel on behalf of Atlantic Oil Carriers, Limited, owner and claimant of the Steam Tanker "ATLANTIC EMPEROR", with motion to dismiss are presently before the Court for disposition.

At the outset we will consider the exceptions of Karl I. Zimmerman. This respondent has filed four exceptive allegations, only one of which need be considered because it is dispositive of the matter as to him. This exceptive allegation is that respondent, Karl I. Zimmerman, is and was at all times stated in the libel the District Director of the Immigration and Naturalization Service, at Philadelphia, and that he did and performed all actions in connection with any of the libellants in his official capacity as District Director of the Immigration and Naturalization Service of the United States and is not liable personally for such actions. While the libellants in this case have attempted to sue Karl I. Zimmerman in his individual and personal capacity and have carefully refrained from setting forth that any actions in regard to any of the libellants arose out of

Morewitz & Morewitz, Newport News, Va., (Philip Dorfman, Philadelphia, Pa., of counsel), for libellants.

Rawle & Henderson, Philadelphia, Pa., for Atlantic Oil Carriers, Limited, respond-

his official position, this Court can and will take judicial notice of the fact that Karl I. Zimmerman is the District Director of the Immigration and Naturalization Service of the United States in and for the territory comprising the Eastern District of Pennsylvania. Further, this Court may take judicial notice of its own records and as to three of the libellants, Antonios Veloudos, Michael Chitakis and George Theodoratos, an action of habeas corpus was instituted in this Court on the 4th day of January, 1950, being No. M–1351 of this Court. The writer of this opinion presided at the hearing in that case and on the 17th day of February, 1950, entered an Order releasing Veloudos and Chitakis from the custody of the District Director Karl I. Zimmerman. A full hearing was had in that case. The three libellants above referred to actually came into the custody of Karl I. Zimmerman, District Director, because of the writ of habeas corpus issued out of this Court. Before that time they were in the custody of representatives of the Immigration and Naturalization Service of another District by virtue of a valid warrant of arrest issued out of the Baltimore Office of the Immigration and Naturalization Service. Every action of Karl I. Zimmerman in connection with the custody of these libellants was within the scope of his official duties as District Director of the Immigration and Naturalization Service.

■ The Order entered on the habeas corpus proceeding merely held that the Relators had been denied due process of law in that they had not been accorded a hearing on the warrant. There was no determination that they were legally in the United States. Therefore, the action of Zimmerman in thereafter issuing a further warrant for the purpose of a hearing to determine the legality of their presence in the United States was in accordance with law and within the scope of his duties as District Director of Immigration. It follows, therefore, that under the doctrine of immunity of public officials as set forth in the case of Papagianakis v. The Samos, 4 Cir., 186 F.2d 257, and numerous cases cited therein, the exceptive allegations of

Karl I. Zimmerman must be sustained and the action dismissed as to him.

The contentions of Atlantic Oil Carriers, Limited, owner and claimant of the Steam Tanker "ATLANTIC EMPEROR", require more extended discussion. Of the thirteen causes of action, the first eight refer only to actions aboard the Steamship "KATHERINE", owned by Compania Kareto d Navigacion, a foreign corporation. The only connection alleged in the libel to exist between the owners of the Steamship "KATHERINE" and the owners of the Steam Tanker "ATLANTIC EMPEROR" is that another of the respondents, not presently before the court, acted as operating agent for both the "KATHERINE" and the "ATLANTIC EMPEROR". As to the acts complained of in the first eight causes of action set forth in the libel, it is clear that the "ATLANTIC EMPEROR", her Master George A. Gafos, and her owner, Atlantic Oil Carriers, Limited, had absolutely no connection; therefore, no legal obligation could be imposed on the three above named on the basis of the allegations therein contained.

The peremptory exception of the Atlantic Oil Carriers, Limited, respondent and claimant, that the allegations in the first, second, third, fourth, fifth, sixth, seventh and eighth causes of action, in paragraphs 1 to 50 inclusive in the libel, do not constitute any cause of action against the Atlantic Oil Carriers, Limited, as respondent, or as claimant of the Steam Tanker "ATLANTIC EMPEROR", must, therefore, be sustained.

The further peremptory exception that the facts averred in the libel insofar as they relate to Allie Kamara, Albert Sylva and Nicholas Kanelis are insufficient to constitute a cause of action against the Atlantic Oil Carriers, Limited, or against the "ATLANTIC EMPEROR" is well taken for the same reasons set forth above, as to all actions complained of in respect of their claims which occurred aboard the Steamship "KATHERINE".

■ The ninth and tenth causes of action allege in substance that the Atlantic Oil Carriers, Limited, conspired, with other

named respondents, to remove three of the libellants, Veloudos, Chitakis and Theodoratos, from Ellis Island, New York to Philadelphia and to imprison them upon the "ATLANTIC EMPEROR" and that in fact they were so imprisoned. Accepting as true the allegations contained in the ninth and tenth causes of action, the facts therein alleged may constitute a cause with the admiralty jurisdiction of this Court. See Elman v. Moller, 4 Cir., 11 F.2d, 55; Young v. Rossi, D.C., 30 F. 231; Roza v. Smith, D.C., 65 F. 592, and Papagianakis v. The Samos, supra.

The eleventh and thirteenth causes of action relate to the removal of vessels, the property of respondent, Atlantic Oil Carriers, Limited, from the City of Newport News, Commonwealth of Virginia, after attachments had been issued and served at the request of the libellants herein.

The eleventh cause of action avers that on February 25, 1950, respondent George A. Gafos, Master of the "ATLANTIC EMPEROR", was served with process attaching the "ATLANTIC EMPEROR" as property of respondent Atlantic Oil Carriers, Limited, on an attachment and summons issued by the libellants herein on February 24, 1950, out of the Circuit Court of the City of Newport News, Commonwealth of Virginia, and that thereafter in defiance of court process, the said vessel was removed from the jurisdiction of said court.

The thirteenth cause of action alleges that the Steamship "ATLANTIC EMPRESS" was on July 24, 1950, attached on a similar writ of the Circuit Court of the City of Newport News, and on the following day by the United States Marshal for the Eastern District of Virginia, in a cause there pending, Civil Action No. 268, in which libellants herein were likewise libellants, and that thereafter the vessel was wrongfully removed from the jurisdiction of said court. These averments, if sustained, may set forth a cause of action committed on navigable waters which operated to the detriment of the libellants herein. There are mixed questions of fact and law involved and, since motions to dismiss should be granted only in clear cases, these two actions should be disposed of on the merits at trial.

The twelfth cause of action complains that the respondents, George A. Gafos and Atlantic Oil Carriers, Limited, have together with other named respondents blacklisted each libellant and caused them great difficulty in obtaining employment. This clearly is not an action cognizable in admiralty since no part of it is alleged to have taken place on navigable waters.