**FORGIONE v. UNITED STATES et al.**

**NICASTRO v. UNITED STATES et al.**

Nos. 10747, 10748.

United States Court of Appeals Third Circuit.

Argued Nov. 18, 1952.

Decided Feb. 3, 1953.

Rehearing Denied March 5, 1953.

Writ of Certiorari Denied May 25, 1953.
See 73 S.Ct. 950.

Herman Moskowitz, Philadelphia, Pa., for appellants.

Patrick F. Cooney, Washington, D. C. (Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., J. Frank Staley, Washington, D. C., Alfred L. Luongo, Philadelphia, Pa., on the brief), for appellees.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

## PER CURIAM.

■ Appellants were merchant seamen employed on the S. S. George Whitefield, owned by respondent and operated for it by a private corporation under a General Agency Agreement.[1] During the afternoon of January 22, 1946, while the ship was docked at the port of Bari, Italy, appellants, on shore leave, were arrested on the streets of that city by United States military police and held in custody until January 29, 1946, shortly after the vessel had sailed. Thereafter they were furnished transportation to Naples whence they returned to the United States.

The trial judge found from the testimony that appellants had been intoxicated aboard ship and had threatened and assaulted other crew members and that their conduct had been insubordinate. He further found, with ample support in the record, that they had assaulted a seaman named Harper on the evening of January 21, 1946, causing Harper to request his discharge from the vessel. It was this episode, climaxing appellants' prior misconduct, which caused Harper and the captain of the vessel to go to the United States military police headquarters in Bari and file a formal charge against them, resulting in their arrest the next day.

■■ After an abortive attempt to sue the operator of the vessel, appellants instituted actions against the United States under the Suits in Admiralty Act, 41 Stat. 525, 46 U.S.C.A. § 741 et seq., whereby libels in personam may be brought against the United States as vessel owner or operator in cases where an admiralty proceeding could have been maintained against a private owner or operator. The libels, although inartistically drawn, indicate causes of action for malicious prosecution. However, since the parties treated the cas-

1. Since on the relevant dates the War Shipping Administration (Clarification) Act, 57 Stat. 45, 50 U.S.C.A.Appendix, § 1291, was operative, the effect of such General Agency Agreement was to make the United States appellants' employer. See Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692.

es as charging false arrest and false imprisonment, as did the trial judge in finding for respondent, we will do likewise on this appeal.[2]

■ The district judge concluded that jurisdiction existed. Since that conclusion must be based either on the Jones Act or maritime tort law we will examine both possibilities. The relief afforded seamen by the Merchant Marine Act of 1920, 41 Stat. 988, 46 U.S.C.A. § 688, commonly called the Jones Act,[3] is made available to them through the Suits in Admiralty Act where the United States, as owner or operator of the vessel, is the employer. Ordinarily suits to enforce the remedies of the Jones Act may be brought either in admiralty or in the civil courts, state or federal, but when such actions are prosecuted against the United States through the Suits in Admiralty Act they must be brought in admiralty. While the gravamen of a Jones Act suit is negligence,[4] it is not the relatively narrow common law concept of negligence, but a more liberal one commensurate with the broad remedial purposes of the Federal Employers' Liability Act and the Jones Act. See Jamison v. Encarnacion, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082, and Alpha Steamship Corporation v. Cain, 281 U.S. 642, 50 S.Ct. 443, 74 L.Ed. 1086. In those cases it was held that an assault on a ship's employee by his superior for the purpose of compelling him to hurry his work constituted negligence within the Jones Act for which the employing stevedore and the employing owner-operator, respectively, were liable. The court in the Jamison opinion stated in 281 U.S. at page 641, 50 S.Ct. at page 443:

"As unquestionably the employer would be liable if plaintiff's injuries had been caused by mere inadvertence or carelessness on the part of the offending foreman, it would be unreasonable and in conflict with the purpose of Congress to hold that the assault, a much graver breach of duty, was not negligence within the meaning of the act."

■ Though the common law principle of negligence has been extended under the Jones Act by the Jamison case and other decisions, there is no justification for holding that it is broad enough to include false arrest and false imprisonment which consist of arrest or restraint without adequate legal justification and are utterly unrelated to negligence. We therefore hold the Jones Act unavailable to appellants.[5]

■ If the alleged false arrest and false imprisonment are maritime torts appellants could maintain these actions notwithstanding the Jones Act affords them no relief. However, it is well established that the situs of a tort determines whether or not it is maritime. In order to be maritime it must occur on navigable waters

2. The trial judge held that since there was probable cause and malice was not shown no relief could be had on the theory of malicious prosecution. He also held that libellants could not prevail on a cause of action based on false arrest or false imprisonment since they were, at the time of their arrest, subject either to naval jurisdiction or military law.

3. Section 688 reads as follows:
"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

4. Section 1 of the Federal Employers' Liability Act, 35 Stat. 65, 45 U.S.C.A. § 51, defines the scope of liability under the Jones Act.

5. That Act gives a remedy to seamen "who shall suffer personal injury" in the course of their employment. We are satisfied that the wrongs here claimed do not come within the quoted language.

subject to admiralty jurisdiction.[6] The present facts plainly show that the torts here charged are non-maritime in nature, committed as they were in the city of Bari and not on navigable waters.

It follows that the district court lacked jurisdiction to entertain this litigation. Jurisdiction may be neither conferred nor waived by the parties, and it is the court's duty to determine its existence. See Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U.S. 379, 4 S. Ct. 510, 28 L.Ed. 462.

It may be noted parenthetically that had the vessel been privately owned, or operated by a private principal, common law tort actions could have been maintained under the principles of comity, provided the *lex loci delicti* created an actionable tort for the conduct complained of. Under the present facts, absent the bar of the statute of limitations, such a suit might lie against the master whose alleged tort predicates these proceedings. The United States, however, cannot be sued without the consent of Congress, and such consent has not been conferred. The Federal Tort Claims Act, 60 Stat. 842, 28 U. S.C. Sections 2671–2680, even if otherwise applicable, specifically excepts claims arising out of false arrest and false imprisonment. The Suits in Admiralty Act, 46 U.S.C.A. § 742, permits libels in personam to be brought against the United States in cases where *a proceeding in admiralty* could be maintained had the vessel been privately owned or operated. Because appellants could not have proceeded in admiralty against a private respondent, the instant suits, brought under the Act, must necessarily fail.

The judgments will be affirmed.

6. 1 Benedict on Admiralty, 349 ff.; The Plymouth, 3 Wall. 20, 70 U.S. 20, 18 L. Ed. 125; Berwind-White Coal Mining Co. v. City of New York, 2 Cir., 1943, 135 F.2d 443; Kamara v. The Atlantic Emperor, D.C.E.D.Pa.1951, 97 F.Supp. 722.

## On Rehearing.

### PER CURIAM.

The petition states that we found the Jamison and Alpha decisions inapplicable so far as the Jones Act is concerned because they involved torts committed on a seaman by his superior while here such tort was "committed by another, at the superior's direction." The opinion makes no such distinction, holding only that those decisions were no authority for including false arrest and false imprisonment within the concept of negligence so as to come within the Jones Act.

In urging that situs no longer determines whether a tort is maritime, O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 43, 63 S.Ct. 488, 87 L.Ed. 596, is quoted out of context in the petition. As the quotation there appears the reader would assume that O'Donnell involved a maritime tort, and not, as it did, a Jones Act situation, and further, that the Supreme Court had overruled the well-established situs test for maritime torts. The fact is it merely held that Jones Act suits would lie even though the injury occurred on land so long as it was inflicted in the course of the seaman's employment. The plain meaning of Section 33 of the Act, 46 U.S.C.A. § 688, bears out that construction. We gave the Jones Act that scope in our discussion, but held it inapplicable for other reasons.

In Strika v. Netherlands Ministry of Traffic, 2 Cir., 1950, 185 F.2d 555, also referred to in the petition, the personal injury involved arose out of an unseaworthy condition. The decision has no relevancy here.

The petition will be denied.

As to the specific tort of false imprisonment, see Bain v. Sandusky Transportation Co., D.C.E.D.Wis.1894, 60 F. 912; cf. Kamara v. S. Livanos & Co., D. C.S.D.N.Y.1951, 97 F.Supp. 435.