Nick Adrian RICHARDS and Curtis Matthew Grant, Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD., etc., et al., Defendants.

No. CIV. 97–2573(JAF).

United States District Court, D. Puerto Rico.

March 23, 1999.

Olga M. Shepard–De–Mari, San Juan, PR, Harry A. Ezratty, San Juan, PR, for Nick Adrian Richards, Curtis Matthew Grant, plaintiffs.

Francisco G. Bruno–Rovira, Carmen H. Buso–Garcia, McConnell Valdes, San Juan, PR, for Royal Caribbean Cruises, Ltd., defendant.

### OPINION AND ORDER

FUSTE, District Judge.

Plaintiffs, Nick Adrian Richards and Curtis Matthew Grant, bring this action against Defendants, Royal Caribbean Cruises Ltd., John Doe, and XYZ insurer, for negligence pursuant to section 33 of the Jones Act, 46 U.S.C.App. § 688, and for violation of general maritime law.

### I.

Plaintiffs, Trinidadian nationals, were crew members of the vessel known as the MONARCH OF THE SEAS for all times pertinent to this action. Defendant Royal Caribbean Cruises Ltd. ("Royal Caribbean") owns the vessel MONARCH OF THE SEAS and was Plaintiffs' employer for all times pertinent to this action.

On April 4, 1997, the MONARCH OF THE SEAS was docked at St. Maarten. Plaintiffs had disembarked the vessel. As Plaintiffs were returning to the vessel, security officers stopped and searched them. Following the searches, the Staff Officer gave permission for the officers to detain Plaintiffs. The officers found that Plaintiff Grant possessed three bundles of $1,000 each and a large package of Ginger Nuts containing $13,000. Plaintiff Richards had $8,000 in his wallet. The security officers cleared two cabins and detained one Plaintiff in each. The security officers and Staff Captain proceeded to search Plaintiffs' rooms and accused Plaintiffs of involvement in a narcotics-trafficking operation. The MONARCH OF THE SEAS then left St. Maarten and sailed to Puerto Rico, during which time Plaintiffs were physically detained and unable to leave

their respective cabins. Upon docking in Puerto Rico on April 6, 1997, United States law enforcement personnel took Plaintiffs into custody and charged them with narcotics trafficking and possession of money from drug-related sales in St. Maarten. Plaintiffs remained in jail until April 23, 1997, at which time a United States magistrate dismissed all charges against them. *In re United States v. Nick Adrian Richards,* Civ. No. 97–114M.

Plaintiffs bring this action pursuant to the Jones Act, 46 U.S.C. § 688, and general maritime law, to recover damages resulting from their alleged false imprisonment while aboard the MONARCH OF THE SEAS.

Plaintiffs move for summary judgment on the issue of their unlawful imprisonment aboard the MONARCH OF THE SEAS. Defendant Royal Caribbean responded that the search and detention of Plaintiffs was reasonable and does not constitute negligence or a violation of maritime law. Defendant also alleges that this court lacks subject matter jurisdiction under the Jones Act, 46 U.S.C.App. § 688.

## II.

Congress enacted the Jones Act in 1915 to bridge a gap between the general maritime law and negligence. It became "the sole basis upon which a seaman or his beneficiaries may sue his employer for negligence." *Ivy v. Security Barge Lines,* 606 F.2d 524, 525 (5th Cir.1979). By enacting the Jones Act, 46 U.S.C.App. § 688, Congress provided seamen with a cause of action for personal injury or death caused by the negligence of their employers. Section 33 of the Jones Act provides, in relevant part:

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to rail-

way employees shall apply ... Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

46 U.S.C.App. § 688(a). Jurisdiction under the Jones Act is premised upon a showing of personal injury during the course of employment. *See Russell v. States Steamship·Co.,* 376 F.Supp. 233, 236 (D.Or.1973) (holding that plaintiff's injuries as a result of being falsely imprisoned in Vietnam were outside of the purview of the Jones Act because plaintiff failed to prove that he sustained personal injuries in the course of his employment). "While the gravamen of a Jones Act suit is negligence, it is not the relatively narrow common law concept of negligence, but a more liberal one commensurate with the broad remedial purposes of the Federal Employers' Liability Act." *Forgione v. United States,* 202 F.2d 249, 251 (3d Cir.1953) (per curiam) (citing *Jamison v. Encarnacion,* 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082 (1930)). The central issue in cases brought pursuant to the Jones Act is identical to the main issue in all personal injury cases: "[W]hether the employer acted or failed to act in a way that legally caused the seaman's injury determines whether, as a matter of policy, the seaman should be entitled to a remedy." *Brister v. A.W.I., Inc.,* 946 F.2d 350, 355 (5th Cir.1991). Nonetheless, courts have held that the Jones Act does not extend to purely emotional injuries, *Gaston v. Flowers Transp.,* 866 F.2d 816, 817 (5th Cir.1989) (holding that Jones Act did not cover seaman's mental anguish resulting from watching his half-brother being crushed to death between two vessels and stating that "even a liberal interpretation of the Jones Act [does not require] extending recovery to those who suffer purely emotional injury"). Rather, the Jones Act allows for compensation only for pecuniary loss. *See Miles v. Apex Marine Corp.,* 498 U.S. 19, 32, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990).

In this case, Plaintiffs allege false imprisonment creates a cause of action under the Jones Act. Defendant contends that the Jones Act does not cover Plaintiffs' claims. We begin by examining Plaintiffs' claims and the relevant law. Plaintiffs allege that Defendant, through its security officers, falsely imprisoned them, denying them their liberty for a two-day period, and denied them adequate food during this detention. Plaintiffs allege Defendant's actions caused them humiliation and mental distress. The Third Circuit examined the issue of false imprisonment under the Jones Act in *Forgione*, and specifically held that the Jones Act did not encompass a cause of action for false imprisonment. *Forgione*, 202 F.2d at 252. The Third Circuit stated:

> Though the common law principle of negligence has been extended under the Jones Act by the *Jamison* case and other decisions, there is no justification for holding that it is broad enough to include false arrest and false imprisonment which consist of arrest or restraint without adequate legal justification and are utterly unrelated to negligence. We therefore hold the Jones Act unavailable to appellants.

*Id.* The facts of *Forgione*, however, are somewhat different than the facts present here. In *Forgione*, merchant seamen were allegedly falsely arrested and imprisoned while on shore leave in a foreign port. Here, the alleged false imprisonment occurred on the vessel while it was at sea. Another court which examined the issue of false imprisonment under the Jones Act, also concluded that the Act did not cover imprisonment of seamen while on leave at a foreign port because the plaintiff failed to allege personal injury during the course of employment. *Russell*, 376 F.Supp. at 236. Again, the alleged false imprisonment occurred on foreign land, not aboard defendant's vessel. Thus, neither of these cases is directly on point. Nonetheless, we find the Third Circuit's logic in *Forgione* to be applicable here. We have found no case that has held that the Jones Act includes false imprisonment. As such, we agree with the Third Circuit that the Jones Act does not encompass false arrest and false imprisonment.

Alternatively, Plaintiffs allege a cause of action under general maritime law. Negligence in maritime law is a counterpart to state tort law. *See Leathers v. Blessing*, 105 U.S. (15 Otto) 626, 630, 26 L.Ed. 1192 (1881) (stating that a maritime tort "includes wrongs suffered in consequence of the negligence or malfeasance of others ...."). Thus, to prove negligence Plaintiffs need to make a *prima facie* showing of (1) the existence of a duty required by law; (2) breach of that duty; (3) causation; and (4) actual loss, injury or damage. 2 Thomas J. Schoenbaum, AD-MIRALTY AND MARITIME LAW § 5–2 at 157. Additionally, two necessary showings for maritime torts are that (1) the tort occurred on navigable waters; and (2) the tort bears a substantial relationship to traditional maritime activities. *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 261, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972); *Foremost v. Richardson*, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982).

We find that Plaintiffs have failed to state a cause of action for negligence. False imprisonment consists of restraint without adequate legal justification. To prove negligence, Plaintiffs must show personal injury. False imprisonment, by its very nature, is not a tort which results in the infliction of physical harm. This is not a case of an assault or tort which resulted in a cognizable physical injury. Rather, Plaintiffs are asserting the injuries of humiliation and emotional distress. We find that these are not physical injuries within the meaning of the maritime tort of negligence. Furthermore, false imprisonment is not the type of traditional maritime tort which general admiralty law embraces. *Executive Jet*, 409 U.S. at 269–70, 93 S.Ct. 493 (defining "traditional maritime activity" to mean the "problems of vessels relegated to ply the waterways of the world,

beyond whose shores they cannot go"); *Gaston*, 866 F.2d at 817. Finally, "the Supreme Court has held that elements of damages not recoverable under the Jones Act cannot be recovered under the general maritime law." Thus, as we found that Plaintiffs' recovery was precluded under the Jones Act, we also find recovery unavailable under general maritime law. Based upon the foregoing, we find that Plaintiffs have failed to state a claim upon which relief can be granted under the Jones Act.

### III.

Plaintiffs' claims shall be **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Irma R. Valdejulli, San Juan, for Plaintiff.

Jose R. Ortiz Velez, San Juan, for Efrain de Jesus Rodriguez, Luis Castillo Valentin & Dennis Arroyo Vargas.

Juan Rafael Gonzalez Muñoz, San Juan, for Municipality of Mayaguez.

Jose R. Cintron Rodriguez, Gloria Robison Guarch, Director, Federal Litigation Division, Angel E. Rotger Sabat, Attorney General, Dept. of Justice, Commonwealth of Puerto Rico, San Juan, for Jose G. Rodriguez.