### HOVLAND v. FEARNLEY & EGER et al.

### No. 171 of 1952.

United States District Court
E. D. Pennsylvania.

Oct. 9, 1952.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for Fearnley and Eger.

Henry Heebner, Philadelphia, Pa., for Reading Co.

KIRKPATRICK, Chief Judge.

This is an action in admiralty against three respondents for damages for personal injuries incurred on shore by the libellant, who was an employee of a firm of ship chandlers and who was leaving the vessel after having boarded it in the course of his employment. One of the respondents is the owner of the ship, which was lying in navigable waters moored to a pier and discharging cargo. The second respondent, the local agent for the owner, was actually conducting the work of discharging the cargo. The third respondent is the owner of the pier and of an electric crane moving along tracks on the pier.

The facts of the injury as stated in the libel are as follows:

658

"At or about 10:00 a. m. on the aforesaid date, libellant descended the gangway of the vessel on the pier and was engaged in proceeding toward the shore end of the pier when he was suddenly and violently struck from behind by the wheel assembly of the aforementioned crane, which operated over the tracks next adjacent to the vessel in connection with the removal of cargo from the holds of the vessel, causing him to fall across the tracks and under the assembly, as a consequence of which he was crushed and otherwise severely injured as hereinafter more fully described."

The cause of action is stated against all the respondents in various ways, one of which is "permitting the discharge of water, waste and other liquids and materials from the vessel on to the dock, so as to interfere with the use of a portion of the pier intended for pedestrian travel" and "failing to take prompt, proper and adequate steps and means to remove or remedy the said condition."

Peremptory exceptions, based on want of jurisdiction, have been filed by all the respondents.

The injury having been both done and consummated on land, jurisdiction depends upon whether the injury was "caused by a vessel on navigable water". Act of June 19, 1948, 46 U.S.C.A. § 740.

 For an injury to be caused by a vessel within the meaning of the Act, it is not necessary that the vessel itself be the physical instrumentality producing it. The phrase covers injuries which result from acts of the vessel's personnel but, of course, with the limitation that the acts must be in some way connected with the vessel's service. The libellant's contention is that "caused by the vessel" may be read to mean, caused by an act or omission of some of the vessel's personnel in the course of any activity involving the vessel. This interpretation would be broad enough to cover the case of an injury caused by a member of the crew driving an automobile miles inland to purchase or arrange for the delivery of equipment or supplies for the vessel. It is not necessary to decide whether this view can be sustained. One can go so far as to say that if the injury results from an act of any of the vessel's personnel in the course of operating the vessel, rather than in the course of doing something which involves the vessel, jurisdiction could be sustained, even though the vessel itself is not an instrumentality in bringing about the accident.

In the present case, under the allegations of the libel, the libellant would be allowed to prove that the water, waste and other liquids, which interfered with his use of the footway, were discharged by the ship's personnel and we would be thus brought directly to the question of causation. Although the libel is not precise and detailed on that point, I can see that it might be possible for the libellant to prove that the discharge of water and allowing it to remain on the pier caused the accident. It is undoubtedly a close question and, for that reason, can be satisfactorily determined only after development of all the facts. It is unfortunate that the question of jurisdiction should have to await the trial but with the allegations of this libel I do not see how it can be avoided in this case, although it is barely possible that the parties might stipulate sufficient facts for the Court to act.

For these reasons the exceptions of the defendants are dismissed: