Frederick SCHOENING, 279 St. George Street, Toronto, Canada, Libellant,

v.

A Shipment of 102 JUTE BAGS (100 lbs. each) OF STANDARD CANADIAN 3R ASBESTOS SPINNING FIBRE, (now on the Ship "American Traveler" on the High Seas bound for Hamburg, Germany),

and

J. Schoening, 12 Lowther Avenue, Toronto, Canada, Respondent,

and

United States Lines Company, a corporation, 308 Bourse Building, Philadelphia, Pa.

No. 55 of 1955, Admiralty.

United States District Court
E. D. Pennsylvania.
March 11, 1955.

Elias Magil, John Swartz, Philadelphia, Pa., for libellant.

Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for respondent J. Schoening.

LORD, District Judge.

Respondents have filed peremptory exceptions to the libel for the reasons that:

1. This Court has no admiralty jurisdiction of the subject matter.

2. The facts alleged are insufficient to constitute a cause of action.

We will consider the jurisdictional problem first, for if this Court has no jurisdiction in the matter, any other questions need not be considered.

The libel alleges that 102 bags of asbestos belonging to libellant were tortiously removed by respondent J. Schoening from a warehouse in Pennsylvania and subsequently shipped on the high seas on a ship owned by the respondent, United States Lines Company. In their exceptions to the libel, both respondents aver that this Court has no admiralty jurisdiction because the conversion of the asbestos was not committed or consummated on navigable waters.

Although there appears to be no decision with facts comparable to the present case, this Court believes that admiralty does not have jurisdiction merely because goods happen to be upon navigable waters at some time after the operative facts occurred and after the alleged cause of action has become established.

In resolving this jurisdictional problem it is essential to determine the elements of admiralty jurisdiction as it pertains to torts. In United States v. Matson Navigation Co., 9 Cir., 1953, 201 F.2d 610, 613, Judge Stephens stated:

"An essential to the jurisdiction of the admiralty courts over a tort is that it was *committed* in relation to navigable waters." (Emphasis supplied.)

Such an element, of course, does not preclude admiralty jurisdiction where there is a tort arising out of a maritime status or relationship. Strika v. Netherlands Ministry of Traffic, 2 Cir., 1950, 185 F.2d 555.

But in the instant case, was there a tort either "committed in relation to navigable waters" or "arising out of a maritime status or relationship"? We think not. The conversion was complete when the goods were removed from the warehouse in East Greenville, Pennsylvania. Certainly admiralty jurisdiction did not attach at that time; and it cannot do so now, merely because the goods subject to this conversion are shipped by an innocent carrier on navigable waters. A remote connection between the cause of action and activity

on navigable waters is not sufficient to invoke admiralty jurisdiction. Forgione v. United States, 3 Cir., 1953, 202 F.2d 249.

There appears to be no sound basis for invoking admiralty jurisdiction in the present case. Accordingly, the libel will be dismissed and prior restraining orders will be terminated. An appropriate order will be prepared.