**Richard H. CLINTON, Appellant,**

v.

**JOSHUA HENDY CORPORATION,**
**Appellee.**

**No. 16592.**

United States Court of Appeals
Ninth Circuit.

March 29, 1960.

Rehearing Denied April 13, 1960.

Richard H. Clinton, Los Angeles, Cal., in pro. per.

Robert Sikes, Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

PER CURIAM.

On January 11, 1956, the district court entered its orders dismissing appellant's first, second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action asserted in his libel in admiralty. The order of dismissal of the eighth cause of action was based on the ground "that the tort upon which the eighth cause of action is based is not a maritime tort" and thus "not within the admiralty jurisdiction of this Court."

The appellant appealed to this Court from said order of dismissal in respect to the first, second, third and eighth causes of action. The trial court's order of dismissal was affirmed March 24, 1958, and rehearing was denied April 21, 1958. Clinton v. International Organization of Masters, Mates and Pilots of America, Inc., 9 Cir., 254 F.2d 370. In connection with the eighth cause of action, this Court stated at page 372:

"The eighth cause of action, against Joshua Hendy and Pacific Far East Lines, alleges the initiation of a potential tort—that of interference with appellant's contractual relation with Local 90. There is no allegation that the tort was *committed* upon navigable waters, therefore, no maritime tort sufficient to confer jurisdiction upon the admiralty court is alleged.

"The court below did not have jurisdiction of the action under 28 U.S.C. § 1333."

After the lapse of more than one year, and on July 29, 1959, appellant moved the district court to amend the order dismissing the eighth cause of action "to allow an Second Amended Libel of the Eighth Cause of Action which will be properly alleged as a maritime tort under the Admiralty Extension Act, '46 U.S. C.A. 740'." [sic] On July 30, 1959 appellant lodged with the clerk of the District Court proposed second amended libel. The District Court denied appellant's motion for amendment to the order dismissing the eighth cause of action, and ordered stricken from the files the proposed second amended libel. This appeal followed.

 The matter of amending a pleading in admiralty as to substance is within the discretion of the district court. Admiralty Rule No. 23, 28 U.S. C.A. We find no abuse of discretion by the district court. The orders appealed from are affirmed.