**Richard H. CLINTON, Appellant,**

v.

**JOSHUA HENDY CORPORATION,**
Appellee.

**No. 16916.**

United States Court of Appeals
Ninth Circuit.

Dec. 24, 1960.

200

---

Richard H. Clinton, in pro. per.

No appearance for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

The trial court on its own motion dismissed the complaint herein for lack of asserted admiralty jurisdiction. Defendant Joshua Hendy Corporation was never served, did not appear below, and has therefore filed no brief herein. The sole issue before this court is whether the cause of action alleged by appellant comes within the admiralty jurisdiction of the district court.

Appellant in his complaint asserts that the chief mate of appellee's vessel, S.S. Marine Arrow, sent a libelous letter to appellant's union. The letter, allegedly, was written on September 20, 1954, on the decks of the S.S. Marine Arrow, and was published on the same ship to agents of appellant's union. As a result of this publication, appellant was expelled from his union. Appellant asserts that appellee, in publishing the allegedly false letter, violated its statutory duty to make an honest report regarding the character and qualifications of a discharged seaman. 46 U.S.C.A. § 645. Appellant also asserts strongly that, at the time the acts in dispute occurred, a "maritime relationship" existed between appellant and appellee. Appellant maintains, therefore, that appellee is liable to him for interfering with his contractual relations with the union; and he claims that this cause of action comes within the district court's admiralty jurisdiction. Appellant alleges, however, that the tort was consummated *on shore* in the Dispatch Hall of the International Organization of Masters, Mates, & Pilots.

Appellant devotes a major portion of his brief to the proposition that a tort arising out of a maritime relationship is cognizable in admiralty even though such tort is committed ashore. This court has held in this same case that appellant's charge of interference with his contractual relations with the union is not cognizable in admiralty unless the alleged tort was *committed* upon navigable waters. Clinton v. International Organization of Masters, Mates, & Pilots of America, Inc., 9 Cir., 1958, 254 F.2d 370, 372 (see also Clinton v. Joshua Hendy Corp., 9 Cir., 1959, 264 F.2d 329, and Clinton v. Joshua Hendy Corp., 9 Cir., 1960, 277 F.2d 450). The principles of collateral estoppel, res judicata, and/or rule of the case foreclose further consideration of this line of argument.

Appellant's second argument merits more careful consideration. Appellant seeks to sustain jurisdiction under 46 U.S.C.A. § 740, which reads, in part, as follows:

"The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or prop-

erty, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land."

The tort here alleged, assertedly was commenced on a vessel lying in navigable waters, and, it is further asserted, the tort occurred in connection with the operation of the vessel. Appellant believes, therefore, that he comes within the jurisdiction provided by § 740. This position would seem to be precluded by the very language of the statute, which refers to damage caused by the *vessel*. But appellant relies on three decisions which we shall discuss briefly.

Schoening v. 102 Jute Bags, D.C.E.D. Pa.1955, 132 F.Supp. 561, does not support appellant's position in any way. The court there does not cite or discuss § 740; and, as a matter of fact, the decision refuses to accept admiralty jurisdiction because the tort alleged did not occur on navigable waters.

Kamara v. S. Livanos & Co., D.C.S.D. N.Y.1951, 97 F.Supp. 435, also does not deal with § 740. There the court held that defendant's alleged "blacklisting" of certain sailors dealt with their employment as seaman and hence came within the cognizance of admiralty jurisdiction. But this conclusion is relevant only to appellant's contention that a tort, though committed ashore, is cognizable in admiralty if it arises out of a maritime relationship. As mentioned previously this branch of the case is not now open for consideration.

Hovland v. Fearnley & Eger, D.C.E.D. Pa.1952, 110 F.Supp. 657, did pass on the meaning of § 740. There, wastes and water which may have contributed to plaintiff's on-shore injury, were discharged from the ship. The court held that a case for jurisdiction might be made out if plaintiff could prove a causal connection between the discharge of the wastes and the injury. In discussing the applicability of § 740, the court had this to say:

"For an injury to be caused by a vessel within the meaning of the Act, it is not necessary that the vessel itself be the physical instrumentality producing it. The phrase covers injuries which result from acts of the vessel's personnel but, of course, with the limitation that the acts must be in some way connected with the vessel's service. The libellant's contention is that 'caused by the vessel' may be read to mean, caused by an act or omission of some of the vessel's personnel in the course of any activity involving the vessel. This interpretation would be broad enough to cover the case of an injury caused by a member of the crew driving an automobile miles inland to purchase or arrange for the delivery of equipment or supplies for the vessel. It is not necessary to decide whether this view can be sustained. One can go so far as to say that if the injury results from an act of any of the vessel's personnel in the course of operating the vessel, rather than in the course of doing something which involves the vessel, jurisdiction could be sustained, even though the vessel itself is not an instrumentality in bringing about the accident." Id. at page 658.

The court, in Hovland, then, did not pass upon the very broad view of § 740 jurisdiction there urged by libellant and here urged by appellant. Only a view as broad as that not passed upon would support appellant's claim for jurisdiction here. The vessel itself, in the case at bar, was not involved in the alleged tort; it was only a fortuitous circumstance that the allegedly libelous letter was written on the decks of the ship rather than in appellee's on-shore offices.

A consideration of the language of the statute ("damage * * * caused by a vessel * * *") and the relevant legislative history (see U.S. Code Cong. Serv., 1948, vol. 2, p. 1899) convince us that Congress did not intend to extend admiralty jurisdiction to a case such as this one. The committee reports and accompanying letters are concerned largely with damage to land structures caused by ships on navigable waters. In our view,

the statute should not be construed to confer admiralty jurisdiction over on-shore injuries *unless the vessel itself or some accessory of it* is directly involved. Accordingly, we believe the trial court was correct in refusing to accept admiralty jurisdiction over appellant's claim.

The judgment is affirmed.